ANNIE ANDREWS, administratrix, *vs.* KATE H. ANDREWS.

Suffolk. January 23, 1900. — May 16, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Validity of Divorce obtained in another State — Foreign Laws — Estoppel.*

The statute of South Dakota requiring a libellant to reside in the Territory for ninety days before beginning proceedings for divorce requires domicil and not merely bodily presence. *Quære*, what would be the effect in other States of a decree under a statute substituting bodily presence for domicil.

A South Dakota decree of divorce may be held void under Pub. Sts. c. 146, § 41, in a collateral proceeding in this State, upon a finding here that the parties were not domiciled in South Dakota, although the court granting the divorce found the other way and the libellee had appeared. The libellee in the divorce proceedings had withdrawn and the finding was on ex parte evidence.

A libellee in divorce who withdraws her appearance for money is not estopped subsequently to deny the validity of the divorce as against a second wife in collateral proceedings.

APPEAL from a decree of the Probate Court appointing Annie Andrews administratrix of the estate of Charles S. Andrews.

Trial before *Hammond*, J., who ruled that the divorce obtained in South Dakota was, by Pub. Sts. c. 146, § 41, of no force or effect in this Commonwealth; that Kate H. Andrews, the appellant, was the lawful wife; that the second marriage was illegal, and ordered the decree of the Probate Court to be reversed and the case remanded to that court; and Annie Andrews alleged exceptions. The facts appear in the opinion.

*J. Fox & E. R. Anderson,* (*C. W. Bartlett* with them,) for the appellee.

*A. Hemenway & F. D. Allen,* for the appellant.

HOLMES, C. J. This is an appeal from the decree of the Probate Court appointing Annie Andrews administratrix of the estate of Charles S. Andrews. The appellant is the first wife of the deceased. The appellee married him later in good faith, after he had obtained a decree of divorce in South Dakota. The questions are whether the divorce is valid in this State, or whether, if it is invalid, the appellant, on the ground of connivance and acquiescence, is estopped to deny its validity. Charles S. Andrews went to South Dakota for the purpose of getting the divorce, and intended to return to Massachusetts as soon as he had done so. Subject to this intention it is found that he intended to become a resident of South Dakota for the purpose of getting a divorce, and to do all that was needful to make him such a resident. The statute of South Dakota forbids a divorce "unless the plaintiff has, in good faith, been a resident of the Territory ninety days next preceding the commencement of the action." Compiled Laws of Territory of Dakota, § 2578. St. South Dakota, 1890, c. 105, § 1. Andrews lived in South Dakota ninety days; and the Dakota court found in favor of its own jurisdiction, substantially in the words of the section just quoted, and granted the divorce for a cause which would not authorize a divorce by the laws of this Commonwealth.

The consensus of English speaking courts founds jurisdiction of divorce on domicil. It may be that a State might substitute for domicil, by statute, if it chose, simple bodily presence within its borders for a certain number of days. It may be, at least under the Constitution of the United States, that a divorce granted under such a statute between parties, both of whom were before the court, would be entitled to respect here, not-

withstanding Pub. Sts. c. 146, § 41. But compare *People* v. *Dawell*, 25 Mich. 247, 264 ; *Dolphin* v. *Robins*, 7 H. L. Cas. 390, 414. But no such question arises in this case, because the language of the South Dakota statute must be taken to require not merely bodily presence, but domicil. In the light of the decisions upon similar acts, and the generally accepted rule making domicil the foundation, the words "resident of the Territory" mean domiciled in the Territory, whether they also mean personally present or not. *Graham* v. *Graham*, 81 N. W. Rep. 44. *Dickinson* v. *Dickinson*, 167 Mass. 474, 475. *Reed* v. *Reed*, 52 Mich. 117, 122. *Leith* v. *Leith*, 39 N. H. 20, 41. *Van Fossen* v. *State*, 37 Ohio St. 317, 319.

The finding of the single justice clearly means that the deceased did not get a domicil in South Dakota. He meant to stay there ninety days, and such further time, perhaps, as was necessary to get his divorce, and then he meant to come back to Massachusetts. It is true that he meant to do all that was needful to get a divorce, but he meant it because he was mistaken as to what was needful. In other words, he only meant to do what he supposed to be needful, and that was not enough. Whether if he had known what was needful he would have meant that and would have done it, is a speculation. In fact he did not mean or do it, on the facts so far stated. It is clear that the finding of the South Dakota court in favor of its own jurisdiction upon an ex parte hearing would not be conclusive, but that the facts would be open to examination here. *Adams* v. *Adams*, 154 Mass. 290, 294, and cases cited. *Hanover* v. *Turner*, 14 Mass. 227, 230, 231. *Thompson* v. *Whitman*, 18 Wall. 457. *Hoffman* v. *Hoffman*, 46 N. Y. 30. *Gregory* v. *Gregory*, 78 Maine, 187. *Watkins* v. *Watkins*, 125 Ind. 163.

But the appellant appeared in the divorce suit and denied the alleged residence of the deceased, although afterwards, upon receiving a certain sum of money, she directed her counsel to withdraw. There is a plain difference between a case in which a respondent has not submitted herself to the power of the court and one in which she has done so. In the former, a foreign State within whose territory she is domiciled may decline to allow her rights to be affected by the decree, whatever the record may allege. In the latter, there is stronger ground

for saying that if the libel alleges residence and any other facts necessary to give jurisdiction, the libellee no more can dispute the validity of the decree on the ground that the court was mistaken as to residence than she could upon the ground that it went wrong on the merits. Notwithstanding the language of some decisions which do not distinguish in terms between judgments where there has been no service and those where there has been an appearance, *Sewall* v. *Sewall*, 122 Mass. 156, 161, the decisions in some States where the question has been raised is in favor of the distinction. *Kinnier* v. *Kinnier*, 45 N. Y. 535, 540, 541. *Cross* v. *Cross*, 108 N. Y. 628, 630. *Fairchild* v. *Fairchild*, 8 Dick. 678. *Waldo* v. *Waldo*, 52 Mich. 94, 99. *In re Ellis' estate*, 55 Minn. 401, 411. Vanfleet, Collateral Attack, § 648, § 389, p. 377. See *Loud* v. *Loud*, 129 Mass. 14, 18; *Thompson* v. *Whitman*, 18 Wall. 457; Bigelow, Estoppel, (5th ed.) 296.

Supposing the State decisions just mentioned to be correct as to the effect of the decree between the parties, the general consequence would be that it was effective as to the rest of the world. As a general rule it would be inconvenient to admit that parties who were divorced as between themselves were not divorced as against others. *Kinnier* v. *Kinnier*, and *Waldo* v. *Waldo, ubi supra. Adams* v. *Adams*, 154 Mass. 290, 295. But a further distinction is taken. The world at large has no interest in the divorce, and therefore may be bound by it; but it is suggested that the State of the domicil has an interest, and that it cannot be concluded by a mere false recital in the record, because the foreign court did not even pretend to jurisdiction over that State. *People* v. *Dawell*, 25 Mich. 247, 257. In *People* v. *Dawell*, this proposition was applied in favor of the State of the domicil as a prosecutor, and at an earlier date it was applied by this court in favor of the State as a legislator. *Chase* v. *Chase*, 6 Gray, 157, 161.

It will be borne in mind that, on the facts before us, the case is not one in which the Legislature of South Dakota has undertaken to allow the grant of a divorce. It is one in which the court of that State has been deceived, and in which it would have refused to act and would have had no right to act, had it known the facts. In such a case as this, the State of the domicil, if it

sees fit, may decline to be bound by recitals in a record to which it is not a party. It may say, as Massachusetts has said by Pub. Sts. c. 146, § 41, that it will be governed by the fact, not by a possibly collusive record, and therefore that the fact must be ascertained, tried, and found here. Whether or not the statute goes farther than the law would go without it, we are of opinion, in accordance with the decision in *Chase* v. *Chase,* that as applied to this case it does not go beyond the constitutional powers of the State. In *Hardy* v. *Smith,* 136 Mass. 328, 331, it would seem from the papers in the case that there was an appearance for the respondent in the Utah court. The validity of the statute has been affirmed in a general way, more than once, (*Sewall* v. *Sewall,* 122 Mass. 156, 161. *Smith* v. *Smith,* 13 Gray, 209. *Dickinson* v. *Dickinson,* 167 Mass. 474,) and confined, as it should be, to persons retaining their Massachusetts domicil, (*Clark* v. *Clark,* 8 Cush. 385, 387,) it seems to be mainly declaratory of the law, (*Lyon* v. *Lyon,* 2 Gray, 367, 368,) unless in cases like the present, where, perhaps, apart from it, the parties both having appeared could not dispute the foreign adjudication of jurisdiction disclosed by the record. A further question might arise, as we have suggested, if the State granting the divorce had established a test of jurisdiction other than domicil; but that has not happened, and is not likely to happen.

The Commonwealth having intervened by legislation, the appellant gets the benefit of it irrespective of any merits of her own. The possibility of a distinction such as was sanctioned by *In re Ellis' estate,* 55 Minn. 401, upholding the divorce as between the parties and so far as concerns property rights, but treating it as void as against the State and for the purposes of the criminal law, is done away with by the act. It is settled that in a case within the statute the divorce is to be treated here as void for all purposes. *Chase* v. *Chase,* 6 Gray, 157, 160. It is settled that there is no estoppel even as against the party instituting the foreign proceedings. *Smith* v. *Smith,* 13 Gray, 209, 210. If the appellant's conduct amounted to connivance, as found, so that she could not have maintained a libel for adultery on the ground of the second marriage, that does not go far enough to constitute an estoppel. *Loud* v. *Loud,* 129

Mass. 14, 19. All that she did was to withdraw her active opposition to the divorce, in consideration of a payment of money, and thereafter to remain silent. We are compelled to overrule the exceptions.                    *Exceptions overruled.*