. MARIA S. LANGEWALD *vs.* ALFRED A. LANGEWALD.

Hampden.    September 23, 1919. — January 5, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Marriage and Divorce,* Foreign divorce, Connivance.   *Husband and Wife.   Evidence,* Of foreign law.   *Wrongdoer without Remedy.*

R. L. c. 152, § 35, relating to the·validity of a divorce decreed in another State or country, violates no provision of the Constitution of the United States.

In a suit for divorce, wherein the validity of a divorce decreed by a court of another State upon a libel, brought by a husband while both he and his wife were residents of this Commonwealth, was an issue, the law of that State relating to the subject of divorce was not in evidence, and it *was said* that there was no presumption that jurisdiction for divorce in the courts of the other State rested upon "simple bodily presence within its borders for a certain number of days."

A decree of divorce by a court of another State, which is made upon a libel brought by the husband when he and his wife both were domiciled in this Commonwealth, is of no force and effect in this Commonwealth as a divorce although the wife appeared in the proceedings, was awarded the custody of a minor child and received and gave a receipt for $3,500 awarded her in the decree for the support of the child.

Where a wife, upon the bringing by her husband of a libel for divorce in a court of another State while both he and she were domiciled in this Commonwealth, by agreement with him appeared in that court and there remained as a party to the proceeding, adjusted a financial controversy with him upon the basis that he should obtain his divorce upon her being awarded the custody of their minor child and his paying her a fixed sum of money for the care and support of the child, received such sum of money and gave a receipt in a form required for filing with the papers in that court, and thereafter spent the money thus paid to her in some part, if not wholly, in a business of her own, she cannot maintain in this Commonwealth, upon her husband remarrying, a libel for divorce on the ground of adultery, because she has connived in the commission of the offence of which she complains.

LIBEL FOR DIVORCE on the ground of adultery, dated June 8, 1918.

In the Superior Court the libel was heard by *J. F. Brown,* J. The material evidence and facts found by the judge are described in the opinion. The judge ruled that, notwithstanding the fact that the libellant appeared in the Wyoming divorce proceedings, described in the opinion, she could maintain the present libel,

and reported the case for determination by this court, a decree *nisi* to be entered if his ruling was right, and, if his ruling was wrong, the libel to be dismissed.

*W. A. Morse,* (*T. W. Kenefick* with him,) for the libellant.

*R. A. Allyn,* for the libellee.

RUGG, C. J. This is a libel for divorce. The libellant and the libellee were married in Providence in the State of Rhode Island in 1893. About six months later they moved to Warren in this Commonwealth, where they lived together until 1900 and where a son was born to them. In 1900 the libellee left Massachusetts and within a few months was in the State of Wyoming. The libellant continued to reside in this Commonwealth. There was considerable correspondence between the parties and their respective attorneys. Proceedings for divorce were instituted in Wyoming in 1900 by the husband, alleging extreme cruelty. The wife, although remaining in Massachusetts, appeared by attorney voluntarily in the Wyoming court, where was entered a decree for divorce, awarding the custody of the child to the wife and ordering the payment to her by the husband of $3,500 for the care and support of the child. Receipt by the wife acknowledging payment of this sum was filed in the Wyoming court. It is manifest that the wife submitted to the jurisdiction of the Wyoming court pursuant to an agreement with the husband whereby she consented to the divorce and he paid her the money. This was no adversary proceeding such as would warrant a finding of a genuine contest before a court having jurisdiction. She was never appointed guardian of the child and used the money as her own. She brought up the child, who is now of age. The money is all gone, having been spent in some part, if not in whole, in her own business. It does not appear when the husband returned from Wyoming to this Commonwealth, but it is found that he worked at Monson "for a long time prior to 1914." There is in the record nothing to indicate that he ever lost his domicil in this Commonwealth. The wife has tried to obtain a divorce in this Commonwealth for desertion, and to secure separate support, but without success. The husband married one Eva E. Bigelow in 1914 and is now living in this Commonwealth. The present libel is brought by the wife on the ground of adultery because of cohabitation under this marriage.

The trial judge found "as a fact that the libellee went to Wyoming for the purpose of obtaining a divorce." Although there is no express finding upon the point, the inference from the other facts found is irresistible that the cause for which the husband went to Wyoming to obtain the divorce and for which the divorce was granted in Wyoming, occurred while the parties resided here. They never lived together in Wyoming and all but the first six months of their seven years of cohabitation was spent in Massachusetts.

It is provided by R. L. c. 152, § 35, that "A divorce decreed in another State or country according to the laws thereof by a court having jurisdiction of the cause and of both the parties, shall be valid and effectual in this Commonwealth; but if an inhabitant of this Commonwealth goes into another State or country to obtain a divorce for a cause which occurred here while the parties resided here, or for a cause which would not authorize a divorce by the laws of this Commonwealth, a divorce so obtained shall be of no force or effect in this Commonwealth." This statute violates no provision of the Federal Constitution. *Andrews* v. *Andrews,* 188 U. S. 14, 34. There is nothing in the record to show what is the law of Wyoming touching the subject of divorce. It does not appear whether jurisdiction for divorce in courts of that State rests upon "simple bodily presence within its borders for a certain number of days," or upon domicil according to the consensus of opinion of English speaking courts. *Andrews* v. *Andrews,* 176 Mass. 92, 93. No presumption can be indulged in favor of the former hypothesis in the absence of all evidence. If it be assumed that the Wyoming court acquired jurisdiction of the cause and of the parties, clearly the libellant cannot get on. *Andrews* v. *Andrews,* 176 Mass. 92, 95. *Perkins* v. *Perkins,* 225 Mass. 82. The inference which seems rationally necessary under all the circumstances and which is most favorable to the libellant is that her husband continued to retain his domicil in Massachusetts while prosecuting the proceedings in the courts of Wyoming. This decision rests upon that basis.

The Wyoming divorce must be held to be of no force or effect in this Commonwealth. The appearance of the wife in that proceeding was not sufficient to give it validity. It was said by Chief Justice Shaw in *Chase* v. *Chase,* 6 Gray, 157, 161, "The express

provision of the statute, [Rev. Sts. c. 76, § 39, now R. L. c. 152, § 35, quoted above,] declaring that such divorce shall be of no force or effect in this State, is not made for the benefit of a party . . . but it is made upon high considerations of general public policy and public interest, the provisions of which cannot be waived." Although a party to that judgment, the wife may show that it is void because in violation of our statute. The case at bar is not distinguishable from *Chase* v. *Chase,* and is governed by it in this particular. *Hardy* v. *Smith,* 136 Mass. 328. *Andrews* v. *Andrews,* 176 Mass. 92.

The case, then, is that the husband, a resident here, having gone out of this Commonwealth for the purpose of obtaining a divorce in violation of our statute, the wife made an agreement with him whereby she appeared and remained in the foreign court as a party to the proceeding, adjusted her financial controversy with him on the footing that he obtain the divorce and she the custody of their child upon payment of a stipulated sum of money to her, and that she gave a receipt in form required for filing with the papers in the court, whereupon a final order for divorce could be and was entered. Having done this, the wife, as was said in *Loud* v. *Loud,* 129 Mass. 14, 19, "cannot treat" the husband's "subsequent marriage and cohabitation with another woman as a violation of his marital obligations to herself. The defence is allowed [to the husband], not upon the ground of a strict estoppel, but because her own conduct amounts to a connivance at, or acquiescence in, his subsequent marriage." *Chapman* v. *Chapman,* 224 Mass. 427, and cases cited at page 435. *Bidwell* v. *Bidwell,* 139 N. C. 402, 412. *Nichols* v. *Nichols,* 10 C. E. Green, 60. *Andrews* v. *Andrews,* 176 Mass. 92, 96. The result is that the ruling was wrong and the entry must be

*Libel dismissed.*