Mary Heath McGraw
vs. } M. P. No. 868
Howard Anthony McGraw

February 19, 1927

RESCRIPT

BAKER, J. The original proceeding between these parties was one of divorce and appears in the files of this court as Divorce No. 12875. The respondent was served personally in the State of Michigan, never having been a resident of this State. On March 30, 1921, a final decree was entered granting the petitioner, Mary Heath McGraw, a divorce on the ground of neglect to provide. The petition was uncontested.

In this present proceeding said petitioner, Mary Heath McGraw, now a resident of Michigan, is seeking to vacate the final decree in divorce obtained by her and above referred to, for reasons which appear fully in the present petition. To this petition one Elizabeth J. Convery, an interested party and an heir-at-law of Howard Anthony McGraw, has filed a demurrer and a motion to dismiss which set forth substantially the same grounds and it is on this demurrer and motion to dismiss that this proceeding is now before the Court.

For the purposes of this hearing the matters set out in the petition to vacate must needs be accepted as correct.

It appears that the said Howard Anthony McGraw died in Michigan on June 13, 1923, leaving, by a will dated June 27, 1918, his estate to his former wife, the said Mary Heath McGraw, the present petitioner. His heirs-at-law are a sister, the said Elizabeth J. Convery, and a brother, William H. McGraw, both of the State of Michigan. It further appears that the Supreme Court of the State of Michigan has held that the will of the said Howard Anthony McGraw was revoked by the final decree of divorce obtained by the petitioner in this State on the 30th day of March, 1921.

It is undisputed, therefore, that all the parties to the present proceeding are non-residents of this State and that apparently there is no property of any kind within this jurisdiction which is in any way before the Court.

The petitioner, Mary Heath McGraw, contends in substance that the final decree of divorce heretofore granted her by this court should be vacated because a fraud has been committed upon the court in the obtaining of said decree, chiefly in that this court has no jurisdiction to grant said divorce originally because neither

of the parties to said proceeding were residents of this State and because said divorce was obtained on what was substantially perjured testimony. She says the fraud was her attorney's, not hers.

The respondent Elizabeth J. Convery, who has intervened herein to contest the petition, urges that said petition should not be granted but should be dismissed for several reasons, which will be taken up more fully hereinafter.

It can not, of course, be disputed that the court has ample power to vacate its decree of divorce if said decree has been fraudulently obtained and if the facts and circumstances of the case, as appear from the pleadings, warrant the taking of such action. Our own court has discussed this matter several times.

State vs. Watson, 20 R. I. 354;
Johnson vs. Johnson, 37 R. I. 362;
Paine vs. Paine, 43 R. I. 478;
Elmgren vs. Elmgren, 25 R. I. 177.

The question presented for determination now would seem to be whether the petition to vacate should proceed to a hearing or whether the respondent's motion to dismiss or demurrer should be granted or sustained by reason of any matter which appears in said petition.

The respondent urges very strongly that from the facts as set forth it is clear that the petitioner is guilty of laches in asking for the vacating of the divorce decree and that by reason of said laches, rights of third parties, such as the heirs-at-law of Howard Anthony McGraw, have intervened.

The petitioner denies any laches and says that she has acted with reasonable promptness after ascertaining the decision of the Supreme Court of the State of Michigan.

The respondent has called the Court's attention to numerous cases in which it is frequently stated that in situations similar to the one now before the Court, it is incumbent upon the petitioner to act promptly in order to avoid laches. Such appears to be the general trend of the authorities. After giving careful consideration to this contention of the respondent, however, the Court has come to the conclusion that it con not say as a matter of law on the facts as set out in the petition that the said Mary Heath McGraw has been guilty of laches. It may well be that the testimony bearing on this question might reasonably explain her conduct. Laches and acquiescence would seem to depend largely on the facts and circumstances of the particular case involved.

The Court finds, therefore, that this ground for dismissing the petition and sustaining the demurrer is not made out by the respondent.

The next point presented for consideration by the respondent in support of her demurrer and motion is that the facts as set out in the petition and the record of the proceedings show that the petitioner should be stopped from vacating said divorce decree.

The petitioner has called to the Court's attention several cases bearing on estoppel and these cases are unquestionably authority for the general proposition that for a certain type of estoppel the party injured must have been influenced to do acts which he would not otherwise have done. These cases doubtless refer to the term estoppel as used in its narrower sense. The respondent's contention here is that the petitioner is estopped in the broad sense of that term— something, perhaps, in the nature of a quasi estoppel.

See Humes Construction Co. vs. Philadelphia Casualty Co., 32 R. I. 246.

There the general principle is laid down that a person is precluded from taking a position inconsistent with one previously assumed by him to the prejudice of a third person. The respondent here contends that the peti-

tioner, having heretofore come into this jurisdiction and invoked the aid of this court to obtain a decree of divorce can not now, as a matter of law, assume an inconsistent position in connection therewith, particularly when the rights of the third parties are involved.

The respondent has called to the attention of the Court several cases which seem in general to bear out her contention in this connection.

Starbuck vs. Starbuck, 173 N. Y. 503;

Carlisle vs. Carlisle, 96 Mich. 131;

Vansleich vs. Vansleich, 186, Mich. 328;

Hubbard vs. Hubbard, 19, Col. 13;

Robinson vs. Robinson, 77 Wash. 663;

60 L. R. A. page 294, note;

50 L. R. A. (N. S.) 534, note.

This broad question of estoppel has usually come before the Court in relation to the matter of attack upon its jurisdiction, and it would seem that the great weight of authority is that a party who invokes the jurisdictation of a court for the purpose of obtaining a divorce and gets the decree asked for and accepts its benefits can not afterwards change his position and question the jurisdiction of the court granting it.

See also in this connection Thornton vs. Baker, 15 R. I. 553.

The petitioner argues that in the divorce proceeding the Court did not pass upon the question of jurisdiction.

The Court is of the opinion that this can not be seriously urged because one of the issues of fact in the divorce proceeding was the question of the two years' residence in this State of the petitioner prior to the filing of the petition for divorce, and the Court must have determined this fact in order to act favorably upon the divorce petition. It would seem that the petitioner, having invoked such a finding, can not now attack it either, directly or collaterally (Paine vs.

Paine, 43 R. I. 479, supra), and that she is estopped from so doing, the said term estoppel being herein used in its broadest sense.

In this connection the petitioner also calls to the Court's attention certain cases of which the following are examples:

Smith vs. Smith, 13 Gray 309 (Mass.);

Andrews vs. Andrews, 176 Mass. 92;

Matthews vs. Matthews, 73 Col. 597.

The question of estoppel is discussed but the doctrine is not applied either because of some statute which controls, as would appear from the Massachusetts decisions, or by reason of some question of public policy. None of the cases cited by the petitioner in this connection seem, however, to sustain the broad position that a party who procures a divorce can later move to vacate the decree by attacking the jurisdiction of the court granting the divorce, particularly as against innocent respondents or innocent third parties.

In considering this general question of estoppel the respondent also calls to the attention of the Court that it now obviously appears from the pleadings that it is greatly to the pecuniary advantage of the petitioner to obtain the vacating of the divorce decree. The petitioner meets this contention by claiming that her motives in this matter are not in any way material and should not be considered. She calls to the attention of the Court the cases of:

Berger vs. Berger, 44 R. I. 295;

McLaughlin vs. McLaughlin, 44 R. I. 429.

There is no question but what in these cases the Court refused to consider the motive of the parties interested as a determining factor in deciding the cases, but it seems to the Court that an examination of these cases reveals a very different state of facts from that appearing in the pleadings in the case at bar.

In the case of Berger vs. Berger, supra, there had been a reconciliation between the parties. The petitioner was clearly an innocent party and the respondent committed a fraud upon the Court and upon the petitioner in obtaining the entry of a final decree, and it was there held that the motive of the petitioner in exposing the fraud was not material.

In the case of McLaughlin vs. McLauglin a very similar ruling was made, the Court there deciding that an innocent party obtaining a decision could not be forced to accept a final decree; that reconciliation was always favored by the Court and that the motive of the petitioner in refusing to accept the final decree would not be looked into.

A consideration of the record here, however, leads the Court to believe that the situation resembles to a greater degree that which existed in the case of Roberts vs. Roberts, 19 R. I. 349, in which case the Court stated in substance that it felt that the respondent was more anxious for pecuniary advantage than to protect the Court from imposition.

In the judgment of the Court it is proper, in considering this broad question of estoppel in such a situation as is here presented by the pleadings, where the successful party is now attempting to vacate a decree previously obtained by her, that her reason or motive for so doing be considered.

Further, as bearing upon the petitioner's present position herein, the respondent urges that it appears as a reasonable deduction from the facts set out that the petitioner can not be considered as an innocent party. She contends that whatever fraud or wrong was committed upon the Court was done without her knowledge and authority and solely by her attorney.

In the opinion of the Court, she is bound by the acts of her attorney within the reasonable scope of his authority. She apparently desired a divorce and employed an attorney to get it for her and she obtained it. It would seem that she signed the petition for divorce containing the allegation of two years' residence without reading or having read to her the contents of the petition. Apparently she also signed a deposition bearing the certificate of a Master in Chancery in the same way. While, perhaps, it does appear from the pleadings that she did not know of all the steps taken to procure her divorce, or the testimony given therein, nevertheless it seems to the Court, from the record presented, that she anticipated enough in the proceedings so that it can not well be said that she was an entirely innocent party. The record shows, and it can not be disputed, that she was the moving and the successful party. The respondent, Howard Anthony McGraw, did not appear and did not contest the petition. Further, it is unquestioned that the said respondent was an innocent party in this divorce proceeding and that no question of any kind of his collusion with the petitioner is involved. This situation, in the opinion of the Court, can also be given weight in passing upon this question of estoppel.

After considering, therefore, the authorities presented and the record in the proceeding, for the reasons above indicated the Court finds that the petitioner is estopped—using that term in its broadest sense—from proceeding with her petition to vacate the final decree of divorce granted March 30, 1921, and that the respondent's contentions in this connection are sound and should be sustained.

Finally, it is contended by the respondent Elizabeth J. Convery that the death of Howard Anthony McGraw prevents the granting of the petition to vacate the divorce decree. On this question the decisions are not altogether harmonious. It would, perhaps, seem that if the judgment or decree of divorce affects property

rights, then the death of one or both parties does not affect the right of the unsuccessful party to institute proceedings to vacate, but there are cases which apparently hold that if no property rights of any kind are involved then the Court will not consider petitions to vacate where one of the parties has died. It has been held that in view of the fact that the marriage status can not be restored no advantage or purpose would be gained in vacating a divorce decree under those conditions.

9 R. C. L. pages 451 to 453;

In re Brigham, 176 Mass. p. 226;

Dawson vs. Mays, 159 Ark. 331;

Moyer vs. Knootz, 103 Wis. 22;

Roberts vs. Roberts, 19 R. I. 349.

Most of the cases cited to the Court by the petitioner in support of her position, upon examination will, in the judgment of the Court, be found to follow the general rule above set out, namely, that some property right must be involved in the state of the forum and that the proceedings to vacate after the death of one party must be instituted by the unsuccessful or innocent party before the Court will act.

57 L. R. A. page 583 note;

44 L. R. A. (N. S.) page 505 note;

Amer. & Eng. Annotated cases, 1913 b, page 369 note.

If this situation was revealed by the pleadings in the case at bar, the Court believes that the death of Howard Anthony McGraw would have little or no effect on the present petition. The record here, however, while it does show that certain property rights are involved in the State· of Michigan, reveals a situation where all the parties to the case are non-residents, where no property rights are involved in this State, and where the proceedings to vacate are brought by the party obtaining the decree and by one who, in the judgment of the Court, can not be termed entirely innocent. In view of these circumstances it would seem that the death

of the respondent Howard Anthony McGraw would, under the general principles of law as set out by various courts and under the peculiar facts of this case, be material herein and furnish an added ground to the respondent Elizabeth J. Convery why the petition to vacate should not now be granted.

It has been urged that public policy requires the vacating of the divorce decree involved herein.

It is unquestionably true, and most properly, that courts are zealous to see that they are not imposed upon by fraud and that their jurisdiction be secure before they act. Public policy is undoubtedly an important factor in such a situation. At the same time the authorities show that courts have frequently taken the attitude that it would be more against public policy to disturb a decree improperly obtained at the instance of a party at fault and, further, that frequently the public interests are not sufficiently strong to call upon the court to aid one who is seeking to take advantage of a situation wrongfully brought about by that person.

Karren vs. Karren, 25 Utah 87.

On the peculiar facts of the case at bar, as revealed by the pleadings, the Court does not feel that the argument of public policy is in itself sufficiently strong to support the petitioner herein.

After considering with care the situation as presented by the record in this matter and recognizing the full power of the Court to vacate in the proper case any of its decrees which have been fraudulently obtained, the Court has come to the conclusion, and so finds, that under the facts and circumstances presented herein the petitioner has not shown herself to be entitled to the relief prayed for. The weight of authority in cases of this kind, in the judgment of the Court, shows that before such relief is granted the moving party should be the unsuccessful and the innocent party

in the divorce proceedings and in no way implicated in the fraud upon the court, and, further, that the rights of innocent third parties be not affected, and that there should be some adjudication of rights in the state of the forum other than the mere restoring of the marriage status, particularly in a case where one of the parties is now dead.

For the reasons above indicated, the respondent's motion to dismiss the petition to vacate the decree of divorce is granted, and in order that the whole record may be clear, the Court will also sustain the respondent's demurrer to said petition on the grounds set out in the first, third and sixth paragraphs thereof.

For Petitioner: Charles H. Eden and Sayles Gorham.

For Respondent: Wilson, Churchhill & Curtis.