**UNITED STATES v. 21.91 ACRES OF LAND IN HAMPDEN COUNTY, MASS., et al.**

Misc. Civil No. 6291.

District Court, D. Massachusetts.

July 7, 1943.

Frank Hurley, of Holyoke, Mass., for Bergerons.

Thomas A. Flanagan, of Boston, Mass., for Maria Langewald, petitioner.

Edmund J. Brandon, U. S. Atty., of Boston, Mass., and Thomas F. Moriarty, Sp. Atty., and D. Joseph Greeley, Sp. Asst. to U. S. Atty., both of Springfield, Mass., for the Government.

HEALEY, District Judge.

This case arises out of condemnation proceedings brought by the United States. The petitioner, Maria S. Langewald, claims dower, alleging that she is the widow of one Alfred A. Langewald, deceased, a predecessor in title to the defendants Bergerons. Alfred A. Langewald obtained title to one-third interest in the land in question in 1904, and to the remaining two-thirds interest in 1910.

Maria S. Langewald and Alfred A. Langewald were married at Providence, Rhode Island, on July 1, 1893, and continued to live there for about six months after their marriage, at which time they moved to Warren, Massachusetts. A son was born of this marriage on July 23, 1894. Petitioner and Alfred A. Langewald continued to live together until about February 1, 1900, when they ceased living together. Petitioner continued to reside in Massachusetts. Shortly after February 1, 1900, the petitioner's husband went to Wyoming and filed a petition for divorce in Wyoming. On November 23, 1900, petitioner appeared specially by attorney in the Wyoming proceedings for the purpose of objecting to the jurisdiction of the Wyoming court. However, on December 8, 1900, petitioner filed a written waiver of service, and filed a general denial to the allegations, over her sworn signature. There was a trial on the merits, and on December 8, 1900, the Wyoming court entered a decree granting petitioner's husband a divorce, and granting custody of the child to petitioner, and ordering the payment of the sum of $3,500 to petitioner for the support of the child. This sum was received by

---

[1] No opinion for publication.

petitioner, and she gave her receipt therefor which was filed with the Wyoming court. Petitioner's husband returned to Massachusetts, and, in 1914, remarried. Petitioner's husband died in 1934. In 1914, petitioner had brought a libel for divorce in Massachusetts against Alfred A. Langewald, alleging desertion. This libel was dismissed in the Superior Court on June 23, 1917. In December of 1916, petitioner brought a petition for separate support which was finally dismissed in the Superior Court, on the grounds that she "bargained away her rights" in the Wyoming proceedings. On June 8, 1918, petitioner brought another libel for divorce against Alfred A. Langewald, alleging adultery. This libel was dismissed by the Supreme Judicial Court of Massachusetts on January 5, 1920. Langewald v. Langewald, 234 Mass. 269, 125 N.E. 566, 39 A.L.R. 674. The Supreme Judicial Court, in dismissing this libel, said, at page 272 of 234 Mass., at page 567 of 125 N.E.:

"The case, then, is that the husband, a resident here, having gone out of this commonwealth for the purpose of obtaining a divorce in violation of our statute, the wife made an agreement with him whereby she appeared and remained in the foreign court as a party to the proceeding, adjusted her financial controversy with him on the footing that he obtain the divorce and she the custody of their child upon payment of a stipulated sum of money to her, and that she gave a receipt in form required for filing with the papers in the court, whereupon a final order for divorce could be and was entered. Having done this, the wife, as was said in Loud v. Loud, 129 Mass. 14, 19, 'cannot treat' the husband's 'subsequent marriage and cohabitation with another woman as a violation of his marital obligations to herself. The defense is allowed (to the husband), not upon the ground of a strict estoppel, but because her own conduct amounts to a connivance at, or acquiescence in, his subsequent marriage.'"

There has been much argument directed by counsel to the question of whether or not the Wyoming divorce was valid. I am of the opinion that there is no necessity of deciding that question.

■■■ This is a case in which the husband went to Wyoming and filed a petition for divorce. The wife appeared specially to contest the jurisdiction of the Wyoming court. She later waived jurisdiction for the obvious purpose of obtaining custody of and financial support for her child. A divorce was granted. Petitioner obtained custody of the child, and $3,500 for his support. Since that time she has, in the Massachusetts courts, made three direct attacks on the validity of the Wyoming divorce. She has failed in each attempt. She now seeks collaterally to attack the validity of the Wyoming divorce in the present petition seeking to establish her dower rights. Under established principles of Massachusetts jurisprudence, where one party has connived at the procurement of a divorce by the other in another jurisdiction, and has subjected herself to the jurisdiction of the foreign court, and has, through such connivance, obtained a pecuniary advantage, that party will not be heard for her own advantage to question the jurisdiction of the foreign court or to attack the validity of the divorce decreed by that court. Chapman v. Chapman, 224 Mass. 427, 113 N.E. 359, L.R.A. 1916F, 528; Loud v. Loud, 129 Mass. 14; Langewald v. Langewald, 234 Mass. 269, 125 N. E. 566, 39 A.L.R. 674.

Petitioner's claim of dower is denied.