Miriam H. TRIVANOVITCH, Appellant,

v.

Oveta Culp HOBBY, Secretary, Department of Health, Education and Welfare, Appellee.

No. 12185.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 21, 1955.

Decided Feb. 10, 1955.

Mr. Daniel H. Pollitt, Washington, D. C., for appellant.

Mr. Rufus E. Stetson, Jr., Asst. U. S. Atty., Washington, D. C., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before EDGERTON, PRETTYMAN and BASTIAN, Circuit Judges.

PER CURIAM.

Appellant, claiming as widow of one Vaso Trivanovitch, who died November 5, 1949, domiciled in Massachusetts, ap-

plied for widow's insurance benefits and child's insurance benefits, under Section 202 et seq. of the Social Security Act as amended, 42 U.S.C.A. § 402 et seq. She was denied these benefits on the ground that she was not the legal widow of the wage earner.

It appears that the decedent and his first wife, Constance Burr, procured a Mexican "mail-order divorce" in 1937. Both he and his then wife were represented in Mexico by separate lawyers, and a property settlement was entered into, under the terms of which he made payments to his first wife up until the time he died.[1] In 1938 he had married one Alice Walter, from whom he shortly thereafter separated. This marriage ended in divorce, which became final in March 1947. He thereupon married appellant.

After her administrative remedies were exhausted, appellant filed the instant suit; cross motions for summary judgment were filed; the District Court sustained appellee's motion, denied appellant's motion, entered judgment for appellee; this appeal followed.

In our opinion this case is governed by Title 42 U.S.C.A. § 416(h) (1)[2] and the Massachusetts decisions.[3] It seems to be well settled in Massachusetts that a party who participates in or who accepts benefits under an invalid divorce cannot deny the validity of that divorce,

1. The first wife is not eligible to take, as Title 42 U.S.C.A. § 402(e) requires that the widow be living with the insured wage earner at the time of his death, to entitle her to widow's benefits.

2. "§ 416(h) (1). In determining whether an applicant is the wife, husband, widow, widower, child, or parent of a fully insured or currently insured individual for purposes of this subchapter, the Administrator shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application, or, if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death, or if such insured individual is or was not so domiciled in any State, by the courts of the District of Columbia. Applicants who according to such law would have the same status relative to taking intestate personal property as a wife, husband, widow, widower, child, or parent shall be deemed such."

3. See, among other cases, Loud v. Loud, 129 Mass. 14; Ewald v. Ewald, 219 Mass. 111, 106 N.E. 567; United States v. 21.91 Acres of Land, D.C., 50 F.Supp. 797; Chapman v. Chapman, 224 Mass. 427, 113 N.E. 359, L.R.A.1916F, 528. In the latter case the claims of the first wife were denied and the property "devolved" upon the second wife.

particularly in the case of a marriage subsequently and innocently entered upon, as this one was. Thus, in a suit between such a party and a subsequent wife, involving mutually exclusive claims to the intestate personal property of the deceased husband, the second wife would prevail. We note that such a result involves a decision not only that the first wife cannot succeed in her claim but also that the subsequent wife is entitled to the widow's rights in the intestate personalty. Therefore, it is clear that if decedent had died intestate, leaving personal property to be administered, his personal property would have "devolved" upon appellant. Chapman v. Chapman, note 3, supra. This brings appellant's situation clearly within the provisions of Title 42 U.S.C.A. § 416(h) (1).

The judgment of the District Court is reversed, with instructions to enter judgment for the appellant.

Reversed.