A. C. LAWRENCE LEATHER COMPANY *vs.* COMMONWEALTH.

NATIONAL CALFSKIN COMPANY *vs.* SAME.

Suffolk. November 18, 1925. — February 25, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Tax*, Foreign corporation, Consolidated return. *Corporation*, Foreign: taxation.

The meaning of cl. 2 of G. L. c. 63, § 39, in its entirety is that taxation upon the combined net incomes of foreign corporations can be levied only when such corporations, doing business in this Commonwealth, constitute the entire group filing a consolidated return of income to the Federal government, and that such corporations as have joined with one or more corporations "not subject to this section" in filing a consolidated return to the Federal government, must each file with the commissioner a statement of its net income as described in the statute.

The statute as above interpreted violates no constitutional provision.

As above interpreted, the statute does not purport to tax property outside the Commonwealth.

A foreign corporation through stock ownership controlled eight other corporations. It and three of the eight did business in this Commonwealth, and those four asked that they be taxed upon their combined net income for 1922 under G. L. c. 63, § 39. Two had received net incomes in that year, but the other two had suffered such losses that the combined net incomes of the four was nothing. The combined net incomes of the nine was nothing. The commissioner of corporations and taxation assessed the corporations separately, and the two corporations which had net incomes petitioned for an abatement. *Held*, that the assessment was proper, and that the petitions must be dismissed.

TWO PETITIONS, filed in the Supreme Judicial Court for the county of Suffolk on October 3, 1924, for the abatement of excise taxes levied for the year 1923 upon income of the year 1922, the petitioners being foreign corporations.

The cases were consolidated, and came on to be heard upon the pleadings and a statement of agreed facts before *Braley*, J., who reserved them for determination by the full court.

Section 39B, added to G. L. c. 63 by St. 1923, c. 254, § 2, was as follows:

"If one or more business corporations, whether domestic or foreign, controlled through stock ownership by a foreign corporation, participated in the filing of a consolidated return of income to the federal government, the tax under section thirty-nine may, at the request of the controlling corporation and with the consent of the commissioner, be assessed upon their combined corporate excess and net income as if all the corporations so participating were foreign corporations as defined in section thirty, in which case the tax may be assessed to all said corporations and collected from any one or more of them. In addition to the returns required by section forty, the controlling corporation shall furnish such additional information as the commissioner may require to assess the tax. From the returns and other information furnished by the controlling corporation, the commissioner may impose the tax provided in section thirty-nine upon the consolidated income and consolidated corporate excess employed within the Commonwealth of the corporations participating in the return as though they were a single corporation, or may, in such other manner as he shall determine, equitably adjust the tax of the applying corporations. When used in this section, except as otherwise provided therein, the term 'foreign corporations' shall include foreign corporations which do no business in this Commonwealth."

Other statutes are quoted in the opinion.

*P. Nichols,* (*P. B. Smith* with him,) for the petitioners.

*A. Lincoln,* Assistant Attorney General, for the Commonwealth.

RUGG, C.J. These are petitions for the abatement of excise taxes levied for the year 1923 on two foreign corporations. Identical questions of law are raised in each. The petitioners are severally incorporated under the laws of Maine. The A. C. Lawrence Leather Company has been tanning hides and selling the leather resulting therefrom. It does business in this Commonwealth and in other States. In 1919 its entire capital stock was purchased by the National Leather Company and has since been held by that company. The National Calfskin Company conducts its

business of tanning hides exclusively within this Commonwealth. Its entire capital stock was purchased in 1919 by the National Leather Company and has since been held by that corporation. The National Leather Company, also incorporated under the laws of Maine, does business only in this Commonwealth, although most of its property is located in other States. Its business is purchasing hides and skins, having them tanned by other companies, and selling the leather through the tanners. The National Leather Company in 1922 and 1923 controlled through stock ownership eight subsidiary companies, including the two petitioners. Of these, three, including the two petitioners and one other, were foreign corporations doing business in this Commonwealth. None of the remaining five were incorporated under the laws of, authorized to do, or actually conducting, business within this Commonwealth. In the year 1923 prior to April 1, these nine corporations filed a consolidated return of their income for 1922 to the Federal government. In June, 1923, the National Leather Company filed a consolidated return of corporate excess and net income of the nine corporations, and asked that they be taxed on their combined corporate excess and net income under St. 1923, c. 254, § 2. In October, 1923, a consolidated return was filed showing the combined corporate excess and net income of the four corporations doing business in this Commonwealth. The request for assessment on the consolidated corporate excess and net income was denied by the commissioner. The request was made that the four corporations doing business in this Commonwealth be taxed upon their combined net income under G. L. c. 63, § 39. In the year 1922 the petitioners had received net income, but the other two corporations doing business in this Commonwealth had suffered losses much greater than the combined net income of the petitioners, so that the combined net income of these four corporations was nothing. The combined net income of the National Leather Company and its eight subsidiaries also was nothing. The commissioner assessed the four corporations doing business here upon

their net income separately, that upon the National Leather Company being nothing on this item, but that upon the two petitioners being substantial.

The question upon these facts, as stated by the petitioners, is whether, when four affiliated corporations, which, with others not doing business in this Commonwealth, filed a consolidated return of income to the Federal government, elect to be assessed upon their combined net income, can a tax be lawfully imposed upon one or more of them which earned income during the year although the group as a whole conducted its business at a loss?   The answer to this question depends upon the construction of this paragraph from G. L. c. 63, § 39: "(2) An amount equal to two and one half per cent of that part of its net income, as defined in section thirty and in this section, which is derived from business carried on within the Commonwealth.   If two or more foreign corporations doing business in this Commonwealth participated in the filing of a consolidated return of income to the Federal government, the tax under paragraph (2) above may, at their option, be assessed upon their combined net income, in which case the tax shall be assessed to all said corporations and collected from any one or more of them.   Foreign corporations thus affiliated and doing business in this Commonwealth, which do not elect, under the foregoing provision, to be assessed upon their combined net income, and all other foreign corporations doing business in this Commonwealth, which have filed with one or more corporations not subject to this section a consolidated return of net income to the Federal government, shall each file with the commissioner, as a part of the return required by this chapter, a statement of net income in such form as he may prescribe, showing the gross income and deductions in accordance with the law and regulations governing the usual Federal returns of corporations not thus affiliated; and the net income thus shown, after making deductions therefrom and additions thereto as provided in paragraph five of section thirty, shall be the 'net income' under this chapter."

This paragraph is to be read and interpreted as a whole.

While the first sentence, if it stood alone and apart from its context, might lend color to the contention of the petitioners, it is plain from the rest of the paragraph that no such result was intended or is reasonably permissible. The clear meaning of the paragraph in its entirety is that taxation upon combined net income of foreign corporations can be levied only when such corporations doing business in this Commonwealth constitute the entire group filing a consolidated return of income to the Federal government, and that such corporations, which have joined with one or more corporations "not subject to this section" in filing a consolidated return to the Federal government, must each file with the commissioner a statement of its net income as there described. That net income after permissible deductions is its net income under the chapter for purposes of taxation. That this is the true construction of the paragraph in question seems to us to follow the obvious meaning of the words interpreted according to the approved usages of the language. This conclusion is confirmed by the note of the joint special committee on consolidating and arranging the General Laws at the end of c. 63 on § 39. From this note their purpose is clear to make the interpretation of the paragraph as we have construed it.

There appears to us to be no merit in the contention that the statute as thus interpreted is an unequal law in any constitutional sense. It is not and cannot be argued by the petitioners that taxation according to a consolidated return is unequal. That is what the petitioners are seeking. The classification of foreign corporations doing business here permitted to be so taxed as including only those doing business here which constitute the entire group, is within the power of the General Court. Such a classification cannot be pronounced irrational. *Barrett* v. *Indiana*, 229 U. S. 26; 30. *Commonwealth* v. *Libbey*, 216 Mass. 356, 358. *F. S. Royster Guano Co.* v. *Virginia*, 253 U. S. 412.

There is nothing in the paragraph as thus interpreted to support the contention that it taxes property outside the Commonwealth. The tax is levied solely with reference to elements subject to our tax laws. The contention of the

petitioners is that their taxes, otherwise just, ought to be diminished by circumstances which under the tax law cannot be grouped together.

In each case the entry may be

*Petition dismissed.*