FELT PROCESS COMPANY *vs.* STATE TAX COMMISSION.

Suffolk.    October 8, 1959. — November 3, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & WHITTEMORE, JJ.

*Taxation,* Corporate excise.

Under G. L. c. 63, § 34, as amended by St. 1933, c. 327, § 4, several domestic corporations were entitled to elect to be assessed for the corporate excise on their combined income although they were only part of a group, consisting of themselves and certain foreign corporations, filing a consolidated Federal income tax return.  [652–654]

The filing of separate corporate excise returns by several domestic corporations did not preclude them from later electing under G. L. c. 63, § 34, as amended by St. 1933, c. 327, § 4, within the period permitted for applying for an abatement, to be assessed on their combined income.  [654]

APPEAL from a decision by the Appellate Tax Board.

*Robert B. Kittredge,* for the taxpayer.

*Roy F. Teixeira,* Assistant Attorney General, for the State Tax Commission.

SPALDING, J.   Felt Process Company, hereinafter called Felt, is one of five Massachusetts corporations which joined with two foreign corporations in filing a consolidated Federal income tax return for the year 1955.   Felt and the other four Massachusetts corporations each seasonably filed separate returns in Massachusetts for the year 1955.   Of these five corporations, Felt and three others had net profits for that year, but the fifth corporation, Victory Plastics Company, sustained a loss of $103,197.97.   Each of the four corporations paid the tax on the income reported.   Subsequently, but within the period permitted for applying for an abatement under G. L. c. 63, § 51, Felt and the three other corpo-

rations which had paid taxes for the year 1955 applied for abatements. At the same time all of the five domestic corporations elected to be assessed on their combined net income under the provisions of G. L. c. 63, § 34. By consolidating the net income of the five corporations the aggregate net income reported in the original returns would be reduced by reason of the loss sustained by Victory Plastics Company, and this was the basis of the abatements sought.

The abatements were denied by the State tax commission and the four corporations appealed to the Appellate Tax Board. There the cases were submitted together on a statement of agreed facts. The amount of the abatement to which each of the tax paying corporations would be entitled was not in issue, the parties having stipulated that this would be determined by agreement in the event that it was decided that the corporations were entitled to file a consolidated return.

Before the board the questions presented by Felt and the other corporations by requests for rulings were these: (1) Whether, by G. L. c. 63, § 34, the right of domestic corporations to file returns on a combined net income basis is restricted to those domestic corporations which constituted the entire group filing a Federal consolidated return. (2) If the five domestic corporations which constituted less than the entire group filing the Federal return had the right under § 34 to file returns on a combined basis, did their action in filing separate returns preclude them from later electing to be assessed on their combined income? The board rendered a decision in favor of the commission and ruled that the corporations seeking to be assessed on their combined income must comprise the entire group filing the Federal return, and that by filing separate returns the corporations were precluded from later electing to be assessed on their combined incomes. Felt appealed. The questions for decision here are the same as those presented to the board.

1. General Laws c. 63, § 34, reads: "If two or more domestic business corporations participated in the filing of a consolidated return of income to the federal government,

the tax under paragraph (2) of section thirty-two may, at their option, be assessed upon their combined net income, which tax shall be assessed to all said corporations and collected from any one or more of them." Felt and the other four domestic corporations clearly come within the literal language of § 34. Felt participated with other domestic corporations "in the filing of a consolidated return of income to the federal government." There is no language in § 34 which precludes these corporations from exercising the option to be assessed on their combined income by reason of the fact that their consolidated return to the Federal government was participated in by two foreign corporations. Prior to 1933, § 34, in addition to its present language, contained the following, ". . . in the . . . case of one or more domestic business corporations filing with one or more foreign corporations a consolidated return of net income to the federal government, each such domestic business corporation shall file [a separate return]." By St. 1933, c. 327, § 4, the quoted language was omitted. This omission is significant.

Prior to 1933 substantially the same language as was omitted from § 34 by the 1933 amendment appeared in G. L. c. 63, § 39, the counterpart of § 34 dealing with foreign corporations.[1] In *A. C. Lawrence Leather Co.* v. *Commonwealth*, 254 Mass. 609, the question was presented whether the foreign corporations doing business in this Commonwealth must, in order to be eligible to assessment on their combined income under § 39, constitute the entire group participating in the consolidated return to the Federal government, and it was held that they must. But in 1933 § 39 was amended by omitting the language in § 39 (see language italicized in footnote) which was the basis for the result in the *Lawrence* case. St. 1933, c. 327, § 6. We think

---

[1] Section 39 read in part, "If two or more foreign corporations doing business in this commonwealth participated in the filing of a consolidated return of income to the federal government, the tax under paragraph (2) above may, at their option, be assessed upon their combined net income . . . [F]oreign *corporations doing business in this commonwealth, which have filed with one or more corporations not subject to this section a consolidated return of net income to the federal government, shall each file [a return] with the commissioner"* (emphasis supplied).

that the fact that this change and the corresponding change in § 34 were both made at the same time manifests the legislative intent. In accordance therewith we hold that the five domestic corporations which sought to do so could file a combined return under § 34.

2. The commission argues that Felt's prior filing of a separate return constituted a binding election which precluded it from later filing a consolidated return. We are of opinion that this contention lacks merit. There is no provision in c. 63 calling for this result, and it is not a requirement that we would read into the law. We think that the option under § 34 could be exercised by Felt any time within the period permitted by § 51 for applying for an abatement.

The decision of the board is reversed and the case is remanded to the board in order that the amount of the abatement be determined as provided in the stipulation made by the parties.

*So ordered.*