EMMA MCCARTHY *vs.* WILLIAM L. MCCARTHY.

Plymouth. January 24, 1972. — March 7, 1972.

Present: TAURO, C.J., CUTTER, SPIEGEL, QUIRICO, & HENNESSEY, JJ.

*Husband and Wife,* Separate support.

A wife's acquiescence in a Mexican divorce and participation through her attorney in her husband's obtaining it, for which she received a valuable property interest, barred her from maintaining a petition for separate support. [360]

PETITION filed in the Probate Court for the county of Plymouth on June 17, 1970.

The case was heard by *Murphy,* J.

*Marshall Krasnow* for the respondent.

SPIEGEL, J. On June 17, 1970, the petitioner filed a petition for separate support in the Probate Court for the county of Plymouth. In the court house corridor that day, she signed a "pink paper" presented to her by her husband, the respondent. She was represented by an at-

torney.   There was testimony that she later found out that this paper "had something to do with . . . [her] husband getting a Mexican [d]ivorce."   In the presence of her attorney, she confirmed to a notary public that it was her signature on the document.   In return for signing the paper, she subsequently received a deed to the property at 14 Oakland Avenue, Brockton, a house with four apartments, which was previously owned by her and her husband as tenants by the entirety.

On July 1, 1970, the respondent obtained a divorce decree from a civil court in Mexico.   He appeared personally with his attorney.   The petitioner did not appear but was represented by an attorney, who admitted the allegations in the respondent's petition, and submitted his client to the jurisdiction of the court.

On December 21, 1970, the respondent filed a motion to dismiss the petition for separate support on the ground that he and the petitioner were no longer married.   This was denied on December 22, 1970, and, after a hearing, a decree was entered prohibiting the respondent from imposing any restraint on the petitioner's personal liberty, and requiring him to pay the petitioner $15 forthwith and every week thereafter, and her reasonable medical and dental bills.   The respondent appeals from the denial of his motion to dismiss and from the decree of separate support.

We are of opinion that the petitioner's acquiescence in the Mexican decree through her attorney, and her acceptance of valuable consideration in return therefor, bars her from maintaining a petition for separate support. *Loud* v. *Loud,* 129 Mass. 14, 18–19.   *Chapman* v. *Chapman,* 224 Mass. 427, 434.   See *Bergeron* v. *Bergeron,* 287 Mass. 524, 528.   Compare *Warrender* v. *Warrender,* 79 N. J. Super. 114.   It follows that the respondent's motion to dismiss must be allowed and the decree of separate support vacated.

*So ordered.*