STATE TAX COMMISSION *vs.* LA TOURAINE COFFEE CO., INC.

Suffolk. February 9, 1972. — May 10, 1972.

Present: CUTTER, SPIEGEL, REARDON, QUIRICO, & BRAUCHER, JJ.

*Taxation,* Corporate excise.

Where a taxpayer corporation and its subsidiaries filed a consolidated Federal income tax return for 1964, by reason thereof they were entitled at their option, under G. L. c. 63, § 32 (a) (2), to be assessed upon "their combined net income" for Massachusetts corporation excise tax purposes, and by filing a single excise tax return showing their consolidated income they effectively exercised this option, failure of the taxpayer as parent corporation to file an application under § 38, cl. 6, asking for elimination of dividends received by it from a wholly owned subsidiary did not affect the taxpayer's right to obtain the benefit of § 32 (a) (2). [774–777]

G. L. c. 63, § 32 (a) (2), which provides that if two or more domestic corporations participate in the filing of a consolidated Federal income tax return a portion of the corporate excise tax may, at their option, be assessed on "their combined net income," permits exclusion of intercompany dividends in computing such income. [778–779]

APPEAL from a decision by the Appellate Tax Board.

*Robert H. Quinn,* Attorney General, *& Daniel J. Johnedis,* Assistant Attorney General, for the State Tax Commission, submitted a brief.

*Richard G. Maloney* for the taxpayer.

QUIRICO, J. This is an appeal by the State Tax Commission (commission) from a decision of the Appellate Tax Board (board) granting La Touraine Coffee Co., Inc. (La Touraine) an abatement of its corporate excise tax for the calendar year 1964. The case was submitted to the board for decision on the basis of certain facts stipulated by the parties in writing plus six documentary exhibits which have been placed before us pursuant to a certification by the single justice under S. J. C.

Rule 1:06 (1), 351 Mass. 735. On request of the commission, the board made and filed a report of its findings of fact and its opinion based on the stipulation and exhibits. G. L. c. 58A, § 13.

We summarize the pertinent facts. At all times material to this case La Touraine and Kennedy & Co., Inc. (Kennedy) were corporations duly organized and existing under the laws of this Commonwealth. During each of the years 1962, 1963 and 1964, Kennedy conducted 13.4% of its business outside of the Commonwealth. From and prior to January 1, 1964, and until April 25, 1964, La Touraine owned all of the outstanding shares of stock of Kennedy. Sometime between January 1, 1964, and April 25, 1964, Kennedy paid La Touraine an "intercompany dividend" in the amount of $275,502.44. On April 25, 1964, La Touraine sold all of the shares of stock of Kennedy. La Touraine, Kennedy and two other subsidiaries of La Touraine "participated in the filing of a consolidated return of income to the Federal Government" (G. L. c. 63, § 32 [a] [2]) for the year 1964. The return included, on a consolidated basis, the income of Kennedy from January 1, 1964, through April 25, 1964, and the income of the other reporting corporations for the entire year 1964. The intercompany dividend paid by Kennedy to La Touraine was eliminated from the consolidated taxable income shown on the Federal return.

La Touraine and its three subsidiaries seasonably filed (with the Commissioner of Corporations and Taxation [commissioner]) a consolidated Massachusetts corporation excise tax return for the calendar year 1964.[1] This return included the income of Kennedy from January 1, 1964, through April 25, 1964, and the income of La Touraine and its two other subsidiaries for the full calendar year 1964. The return did not include as in-

---

[1] La Touraine did not file the return by March 15, 1965, as required by G. L. c. 63, § 35, as amended through St. 1956, c. 550, § 6, but obtained an extension of the time for filing and filed the return within the extended period. See G. L. c. 63, § 68B, added by St. 1961, c. 268.

come the intercompany dividend of $275,502.44 paid by Kennedy to La Touraine.

Thereafter the commissioner, acting under G. L. c. 63, § 44, as amended through St. 1962, c. 756, § 10, decided that the intercompany dividend should have been included in the income reported on the consolidated corporation excise tax return filed by La Touraine and its three subsidiaries. He therefore assessed an additional tax based on his inclusion of the disputed amount as income. La Touraine paid the additional tax and applied to the commission for its abatement. G. L. c. 63, §§ 48, 51. When the commission denied the application, La Touraine appealed to the board. After hearing, the board ruled that La Touraine and its subsidiaries were entitled (a) to file a consolidated return, and (b) to exclude the intercompany dividend from the income reported on the return. It then granted La Touraine an abatement of $20,508.86 based on a computation agreed to by the parties. On request of the commission the board made and reported its findings of facts after which the commission claimed the appeal which is now before us.

For the calendar year 1964, G. L. c. 63, § 32, as amended through St. 1962, c. 756, § 5,[2] required the corporation excise tax to be computed on a formula based in part on the corporation's "net income determined to be taxable in accordance with the provisions of this

---

[2] The pertinent portions of § 32 as thus amended are the following: "[E]very domestic business corporation shall pay, on account of each taxable year, the excise provided in subsection (a), (b), or (c) of this section, whichever is greater. . . . (a) An amount equal to the sum of — (1) Six dollars and twenty-two cents per thousand . . . upon the value of — (i) its tangible property . . . ; or (ii) its net worth . . . ; and (2) Two and one half per cent of its net income determined to be taxable in accordance with the provisions of this chapter. If two or more domestic corporations participated in the filing of a consolidated return of income to the federal government, the portion of the excise computed under this clause may, at their option, be assessed upon their combined net income, in which case the excise shall be assessed to all said corporations and collected from any one or more of them. (b) An amount equal to one twentieth of one per cent of its gross receipts assignable to this commonwealth . . . . (c) Eighty-one dollars and thirty cents."

chapter." The same clause of the statute (§ 32 [a] [2]) provided that: "If two or more domestic corporations participated in the filing of a consolidated return of income to the federal government, the portion of the excise computed under this clause may, at their option, be assessed upon their combined net income." The board relied on this statute in ordering the abatement. It said in its decision: "Chapter 63, § 32 (a) (2) provides for the determination of the income measure of the excise tax on the basis of the 'combined net income' of corporations filing a consolidated return with the Federal Government, 'at their option.' La Touraine did file a consolidated return with the federal government and opted for 'combined net income.'"

The commission contends that § 32 (a) (2) does not apply and that the case is instead governed by former G. L. (Ter. Ed.) c. 63, § 38, cl. 6, as in effect in 1964, which contained a proviso that: "[U]pon application by a corporation which owns or controls substantially all the capital stock of another corporation, or by the corporation so owned or controlled, the commissioner may impose the tax provided for by this chapter upon the income of the two corporations jointly in the same manner as though they were a single corporation, or may, in such other manner as he shall determine, equitably adjust the tax of the applying corporation."[3] Purporting to act under its rule making authority, the commission adopted "Corporation Excise Ruling 1958–5" which in part limited relief under § 38, cl. 6, to corporations (a) whose subsidiaries carried on no business outside the Commonwealth, and (b) which filed an application on a form prescribed by it asking for the elimination of dividends received by a corporation from its substantially wholly owned subsidiary. La Touraine did not file such an application. The commission contends that

[3] This proviso of G. L. (Ter. Ed.) c. 63, § 38, cl. 6, was eliminated in 1966 when § 38 was rewritten. See St. 1966, c. 698, § 58. All references to § 38 in this opinion are to former G. L. (Ter. Ed.) c. 63 § 38 as in effect in 1964.

this failure is fatal. The board rejected that contention and held that La Touraine's failure to seek relief under § 38, cl. 6, did not affect its right to proceed under and obtain the benefit of G. L. c. 63, § 32 (a) (2). The board's holding was correct.

La Touraine and its subsidiaries filed a consolidated Federal income tax return for 1964. By reason thereof, they were entitled "at their option [to] be assessed upon their combined net income" for Massachusetts corporation excise tax purposes. G. L. c. 63, § 32 (a) (2). The corporations effectively exercised this option by filing a single excise tax return which combined or consolidated income and other information on the business and operations of all of them. See *Felt Process Co.* v. *State Tax Commn.* 339 Mass. 651. They required no prior approval of the commissioner to file such a return, and the commissioner had no power or discretion to deprive them of the benefits flowing from the filing of the return. By contrast, G. L. (Ter. Ed.) c. 63, § 38, cl. 6, contemplates that either a parent corporation or its subsidiary, not having filed a consolidated return, may apply to the commissioner to impose the excise tax "upon the income of the two corporations jointly in the same manner as though they were a single corporation, or . . . in such other manner as he shall determine, equitably adjust the tax of the applying corporation." The commission's adoption of the ruling prescribing the form of application and limiting it to corporations whose subsidiaries do no business outside of the Commonwealth does not affect the rights of La Touraine and its subsidiaries. They seek no relief or benefits under § 38, cl. 6, or under the commission's ruling, neither of which diminishes or otherwise affects their rights under G. L. c. 63, § 32 (a) (2).

Because we hold that G. L. (Ter. Ed.) c. 63, § 38, cl. 6, is not applicable, we do not reach either (a) the commission's contention that La Touraine is not entitled to relief thereunder because Kennedy did 13.4% of its business outside of Massachusetts and the commis-

sion's Corporation Excise Ruling 1958-5 limited relief to situations where the subsidiary "carried on no business outside of the commonwealth"; or (b) La Touraine's contention that to interpret the statute in the manner urged by the commission would be in violation of various constitutional provisions.

Finally, the commission contends that if G. L. c. 63, § 32 (a) (2), permits the filing of consolidated corporate excise tax returns, its purpose "was to permit corporations, whenever practicable, to use the same material in preparing state excise returns as they used in preparing Federal income tax returns," but that it does not permit the exclusion of intercompany dividends in computing the combined net income of the affiliated companies. It bases this contention on (a) the absence from § 32 of any express authority for such exclusion, and (b) the fact that former G. L. c. 63, § 30, cl. 5, as appearing in St. 1933, c. 327, § 3, and as applicable to the calendar year 1964, defined "net income" to mean: "the gross income from all sources, without exclusion, for the taxable year, less the deductions . . . other than dividends, allowable by the federal revenue act applicable for said taxable year."

The entire statute concerning excise taxes payable by corporations is found in G. L. c. 63, §§ 30 through 52, inclusive. "The legislative intent is to be ascertained from the statute as a whole, giving to every section, clause and word such force and effect as are reasonably practical to the end that, as far as possible, the statute will constitute a consistent and harmonious whole, capable of producing a rational result consonant with common sense and sound judgment." *Haines* v. *Town Manager of Mansfield,* 320 Mass. 140, 142. *Commissioner of Corps & Taxn.* v. *Springfield,* 321 Mass. 31, 36. "None of the words of . . . [the] statute is to be regarded as superfluous, but each is to be given its ordinary meaning without overemphasizing its effect upon the other terms appearing in the statute." *Bolster* v. *Commissioner of Corps. & Taxn.* 319 Mass. 81, 84-85.

*Commonwealth* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.* 352 Mass. 617, 618.

Even if read alone, that part of G. L. c. 63, § 32 (a) (2), which permits La Touraine and its subsidiaries "at their option [to] be assessed upon their combined net income" authorizes them to file a combined or consolidated excise tax return. For the purpose of such a tax return, an "intercompany dividend" stands on substantially the same basis as an intercompany transfer of funds, whether between any of its departments, branches or different business locations. The very words "combined net income" as used in the statute negative the treatment of such intercompany transfers of funds as "net income" for tax purposes. The statutory definition of "net income" as including "gross income from all sources . . . less the deductions . . . other than dividends" does not require a different conclusion. The word "dividends" as used in that context does not preclude the elimination of "intercompany dividends" in the computation of "net income."

"The purpose of consolidated financial statements is to reflect the financial condition of a parent corporation and its subsidiaries as if they were a single organization. Thus, in a consolidated balance sheet, the parent corporation's equities in net assets of subsidiaries are substituted for its investments therein. The profit and loss statement is compiled on the same basis of consolidation, with the elimination of intercompany items." Hills, The Law of Accounting and Financial Statements (1957) § 1.9, pp. 36–39. Finney & Miller, Principles of Accounting: Introductory (6th ed. 1963) c. 25, pp. 380–388.[4]

The decision of the Appellate Tax Board is affirmed.

*So ordered.*

---

[4] At p. 384 of this text the authors give the following pertinent illustration: "Preparation of the statements. The consolidated income statement is prepared by combining the balances of the revenue and expense accounts of the parent and subsidiary after eliminating revenue and expense account balances, or any portions thereof, result-

---

ing from intercompany transactions. In the following illustration, two kinds of intercompany transactions affecting the income statement are illustrated: (1) . . . (2) Intercompany dividends. During 1964, Company S paid a $1,000 dividend, which was received by Company P, the only stockholder of Company S, and credited to Dividend from Company S. Dividends received by the parent from the subsidiary are income to the parent, but they are eliminated in the computation of consolidated net income. From the standpoint of the combined entity, such dividends are merely a transfer of assets from one company to the other."