Paula THOMPSON, Plaintiff,

v.

Patricia R. HARRIS, Secretary of Health and Human Services, Defendant.

Civ. A. No. 79–716–C.

United States District Court, D. Massachusetts.

Dec. 31, 1980.

Harold Horvitz, Guterman, Horvitz, Rubin & Rudman, Boston, Mass., for plaintiff.

Mary J. Boylan, Asst. U. S. Atty., Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

In this civil action plaintiff, Paula S. Thompson, challenges a decision of the Secretary of Health and Human Services denying her child's insurance benefits under the Social Security Act (the Act) as amended. 42 U.S.C. § 402(d). The case is before the court on cross motions for summary judgment.

The parties agree that plaintiff suffers a disability which began before she attained the age of 22. She initially was found to be eligible for child's insurance benefits on the basis of an application filed on March 2, 1965. Since one of the requirements for entitlement is that the claimant be unmarried, 42 U.S.C. § 402(d)(1)(D), plaintiff's benefits were terminated in July 1967 due to her marriage to John Thompson.

John Thompson obtained a decree of divorce from Diane Oenning Thompson on June 23, 1967 in Mexico. John was present; Diane appeared through her attorney. On June 29, 1967, John was married to Paula in New Hampshire. John again went to Mexico on September 8, 1967 and obtained a decree of divorce from Paula, who appeared through her attorney. On May 20, 1977, Paula filed another application for benefits, which was approved by an administrative law judge on November 25, 1977. By order of June 21, 1978, the appeals council of the Social Security Administration vacated the decision in favor of plaintiff on the grounds that reentitlement is not permitted when termination of benefits was caused by marriage. 42 U.S.C. § 402(d)(6). The appeals council remanded the case to an administrative law judge for further consideration of Ms. Thompson's reentitlement to benefits in light of § 202(d)(6). Specifically, he was to "consider the validity of the divorce secured by John Thompson on June 23, 1963 and of the marriage of the claimant and John Thompson on June 29, 1967 and ... take such further action as may be deemed appropriate." After briefing and oral argument, the administrative law judge ruled on September 18, 1978 that plaintiff was not entitled or re-entitled to child's insurance benefits after July 1967, because of her marriage to John Thompson in the preceding month. The appeals council denied plaintiff's request for review of the decision, thus the hearing decision stands as a final decision of the Secretary, subject to this Court's review pursuant to 42 U.S.C. § 405(h).

The Secretary contends that the only issue before the Court is "whether there is substantial evidence on the record to support the decision of the secretary that plaintiff ... failed to establish that she has not been married for purposes of reentitlement ...." The substantial evidence test, however, is limited by the language of 42 U.S.C. § 405(g) to "the findings of the secretary as to any *fact*." (Emphasis added). A different standard of review applies to conclusions of law, which are fully reviewable by this Court. See e.g., *Cox v. Weinburger*, 404 F.Supp. 1384 (E.D.Mich.1975). "The administrative determination of the law is entitled to great weight, but it is not binding on this court." *Davis v. Mathews*, 450 F.Supp. 308 (E.D.Cal.1978).

■ Plaintiff contends that her marriage to John Thompson in New Hampshire was null and void because John's Mexican divorce from his wife Diane was invalid for lack of jurisdiction. Under *Sirois v. Sirois*, 94 N.H. 215, 50 A.2d 88 (1946), the validity of the marriage must be determined by reference to the law of the domiciliary state. Paula's domicile was Massachusetts. Under Massachusetts law, a marriage is void if either party has a former spouse living, unless the first marriage has been terminated by a valid judgment of divorce. Mass.Gen.Laws ch. 207 § 4. A marriage contracted in violation of this section is "no marriage at all and is 'void without a decree of divorce or other legal process.'" *Callow v. Thomas*, 322 Mass. 550, 555, 78 N.E.2d 637 (1948), citing Mass.Gen.Laws ch. 207 § 8.

■ The Secretary concedes that Massachusetts follows the general rule that domicile is a jurisdictional prerequisite to a valid judgment of divorce. *Bergeron v. Bergeron*, 287 Mass. 524, 192 N.E. 86 (1934); 27B C.J.S. Divorce § 336 (1959). There is no dispute of fact that neither party was domiciled in Mexico: John was a domiciliary of Chicago, Illinois; Diane was living abroad and appeared through her attorney. In the absence of jurisdiction, the Mexican divorce was a nullity which invalidates the subsequent New Hampshire marriage of John and Paula. It follows that the only issue before this court is whether Paula is es-

topped as a matter of law from challenging the validity of John and Diane's divorce. "The theory is that the marriage is not made valid by reason of the estoppel, but that the estopped person may not take a position that the divorce or latter marriage was invalid." *Poor v. Poor*, 1980 Mass. Adv.Sh. 1951, 1955 n. 6, —— Mass. ——, —— n. 6, 409 N.E.2d 758.

Most Massachusetts cases have involved attacks on foreign divorces by a party to the divorce. "It seems to be well settled in Massachusetts that a party who participates in or accepts benefits under an invalid divorce cannot deny the validity of that divorce, particularly in the case of a marriage subsequently and innocently entered upon." *Trivanovitch v. Hobby*, 219 F.2d 762, 764 (D.C.Cir.1955). In *McCarthy v. McCarthy*, the wife was precluded from challenging her divorce because she had acquiesced in the Mexican decree through her attorney, and had received valuable consideration in exchange; therefore the husband's property devolved to his second wife. 361 Mass. 359, 280 N.E.2d 151 (1972). See also *United States v. 21.91 Acres of Land in Hampden County, Mass.*, 50 F.Supp. 797 (D.Mass. 1943); *Chapman v. Chapman*, 224 Mass. 427, 113 N.E. 359 (1916).

The present case is readily distinguishable from the cited cases because Paula Thompson was not a party to the challenged divorce; nor did she receive consideration for her actions. Nonetheless, the Massachusetts Supreme Judicial Court estopped a stranger to the divorce from challenging its validity in one case, *Poor v. Poor*, 1980 Mass.Adv.Sh. 1951, —— Mass. ——, 409 N.E.2d 758. John Poor challenged the validity of the Haitian divorce of his wife Annette from her first husband. He was estopped because he knew of the divorce when he married Annette, he lived with her for over two years during which they had two children, and he took advantage of her financial resources. The Court noted that his conduct while living with Annette for two years was totally inconsistent with an attack on her divorce, that the decision to leave the marital home was not based on concern for the possible invalidity of the divorce, and that both Annette and John undertook their marital obligations in the belief that the divorce was valid. The court upheld the probate judge's balancing of the equities, ruling that "although the facts do not support the invocation of the doctrine of estoppel, in its true sense, on all of the evidence . . . it would be inequitable to permit John in these actions to challenge the validity of the Haitian divorce." *Id.* at 1954, —— Mass. at ——, 409 N.E.2d 758.

I rule that a different conclusion is appropriate in this case. It would not be inequitable as a matter of law to permit Paula to challenge the validity of John's Mexican divorce from his first wife. The Secretary's findings of fact regarding the various marriage and divorce decrees in this case must be sustained by this Court, since they find support in the evidence. This same finality need not be afforded to the Secretary's findings with regard to the *validity* of the decrees, which are tainted by the improper application of the law. See *Conley v. Ribicoff*, 294 F.2d 190 (9th Cir. 1961).

The record developed by the administrative law judge supports a conclusion that Paula and John did not undertake their marital obligations in the belief that the prior divorce was valid; the entire record shows that the parties were undertaking a charade. Paula Thompson is not seeking relief from the consequences of her own actions after accepting consideration for those actions. The Secretary contends that she was not an innocent third party. On the record, however, there is no evidence that Paula Thompson acted wrongfully or maliciously; there is evidence that she had a continuing long term emotional disability. Moreover, she is not seeking relief from any person who relied upon her actions or representations. The equities of the situation do not give rise to estoppel. Upholding the divorce and subsequent marriage in this case would not further the policy of upholding settled domestic relations which underlies the doctrine of equitable estoppel in divorce cases. See Clark, Estoppel Against Jurisdictional Attack on Decrees of Divorce, 70 Yale L.J. 45 (1960). I rule that on the

facts of this case the Massachusetts courts would not bar on estoppel grounds Paula Thompson's challenge to the divorce decree of John Thompson and Diane Oenning Thompson. I further rule that the administrative law judge's decision is an erroneous application of the law and accordingly, this case should be remanded to the Secretary for further proceedings not inconsistent herewith.

Order accordingly.