IN THE MATTER OF THE VALUATION OF BELL ATLANTIC
MOBILE OF MASSACHUSETTS CORPORATION, LTD.

Suffolk. January 7, 2010. - May 12, 2010.

Present: MARSHALL, C.J., IRELAND, SPINA, COWIN, CORDY, BOTSFORD, & GANTS, JJ.

*Telephone Company. Taxation,* Appellate Tax Board: appeal to Supreme Judicial
Court, jurisdiction. *Jurisdiction,* Appellate Tax Board. *Statute,* Construction.

This court concluded that where the Commissioner of Revenue classifies a
company as a "telephone or telegraph company" and certifies a central
valuation of the company's property under G. L. c. 59, § 39, and where
timely appeals from that central valuation have been filed by the relevant
local boards of assessors, the company, or both, the Appellate Tax Board
has jurisdiction to hear and decide all the issues raised in such appeals,
even if it concludes that the company did not qualify as a telephone or
telegraph company. [733-740]

APPEAL from a decision of the Appellate Tax Board.

The Supreme Judicial Court granted an application for direct
appellate review.

*Anthony M. Ambriano* for board of assessors of Boston &
another.

*Richard G. Chmielinski,* Assistant City Solicitor, for board of
assessors of Newton.

*Douglas M. Reeves,* of New Jersey (*Kathleen King Parker*
with him) for the taxpayer.

*Martha Coakley,* Attorney General, & *Daniel A. Shapiro* &
*Daniel J. Hammond,* Assistant Attorneys General, for Commis-
sioner of Revenue, amicus curiae, submitted a brief.

BOTSFORD, J. The present case is a sequel to this court's deci-
sion in *Bell Atl. Mobile of Mass. Corp.* v. *Commissioner of
Revenue,* 451 Mass. 280 (2008) (*Bell Atl. Mobile I*). In that
case, we reviewed appeals brought before the Appellate Tax
Board (board) under G. L. c. 59, § 39 (§ 39), in which Bell
Atlantic Mobile of Massachusetts Corporation, Ltd. (Bell

Atlantic Mobile, or the taxpayer) and the board of assessors of Newton had each appealed from the Commissioner of Revenue's (commissioner's) central valuation of Bell Atlantic Mobile's personal property for fiscal year (FY) 2004. We affirmed the board's determination that Bell Atlantic Mobile was not a "telephone company" within the meaning of § 39 and therefore not entitled to central valuation. *Bell Atl. Mobile I, supra* at 282-283. Before the date of our decision, however, the commissioner had continued to certify central valuations of Bell Atlantic Mobile's property for years before and after 2004. In the present case, we must decide whether the board has jurisdiction under § 39 to hear appeals, timely filed with the board pursuant to that statute by certain municipal boards of assessors, to challenge the commissioner's certified central valuations for those additional years, even though, as *Bell Atl. Mobile I* indicates, the central valuations were made in error. We conclude that the statute confers jurisdiction on the board to hear the assessors' appeals.[1]

1. *Background.* Pursuant to § 39, on or before May 15 of each year, the commissioner must value centrally "machinery, poles, wires and underground conduits, wires and pipes" (§ 39 property) of all telephone and telegraph companies. The valuations must be certified to the owners of the § 39 property and to the assessors of the cities and towns where the § 39 property is located and therefore subject to taxation. See G. L. c. 59, § 39. See also *RCN-BecoCom, LLC* v. *Commissioner of Revenue*, 443 Mass. 198, 199 (2005). The assessors of the cities and towns must use the commissioner's certified valuations for tax assessment purposes. See *Assessors of Springfield* v. *New England Tel. & Tel. Co.*, 330 Mass. 198, 200-201 (1953). However, § 39 gives the assessors, as well as the taxpayer-owner of the § 39 property, the right to appeal from the commissioner's value determinations to the board on or before June 15 of the taxable year.[2]

---

[1]We acknowledge the two amicus briefs filed by the Commissioner of Revenue (commissioner).

[2]Owners of § 39 property such as Bell Atlantic Mobile, but not local assessors, have additional appeal rights under G. L. c. 59, §§ 64 and 65. These sections permit, respectively, taxpayers aggrieved by the failure of local assessors to abate a tax to appeal to the county commissioners (§ 64) or, as is almost always the case, to the board (§ 65). General Laws c. 59, § 65 (§ 65), provides

At all relevant times, Bell Atlantic Mobile[3] provided wireless cellular telecommunications services, or what is generally known as "cell phone" service. For FY 2003 through FY 2008, the commissioner determined that Bell Atlantic Mobile was a "telephone company" within the meaning of § 39, and accordingly certified a central valuation of its § 39 property for each of these years. In addition, for FY 2003, and for FY 2005 through FY 2007, the commissioner determined that Bell Atlantic Mobile was eligible for the property tax exemption granted to certain foreign utility corporations under G. L. c. 59, § 5, Sixteenth (1) (d), as incorporating G. L. c. 63, § 52A (1) (a) (iii) (corporate utility exemption).[4] The commissioner ruled that Bell Atlantic Mobile was not eligible for the corporate utility exemption in FY 2004, or in FY 2008.[5] The difference in the valuations when Bell Atlantic Mobile was granted the corporate utility exemption compared to when it was not is significant. For example, for Bell Atlantic Mobile's personal property situated in Newton, the commissioner's certified values exceeded $6,000,000 in the years Bell Atlantic Mobile was denied the corporate utility

in part: "A person aggrieved . . . with respect to a tax on property in any municipality may, subject to the same conditions provided for an appeal under [§ 64], appeal to the appellate tax board by filing a petition with such board within three months after the date of the assessors' decision on an application for abatement as provided in [G. L. c. 59, § 63], or within three months after the time when the application for abatement is deemed to be denied as provided in [§ 64]." In appeals under § 65, unlike those under § 39, the board cannot determine values higher than those certified by the commissioner.

General Laws c. 58A, § 6, confers jurisdiction on the board to hear appeals brought under both §§ 39 and 65.

[3] Bell Atlantic Mobile of Massachusetts Corporation, Ltd. (Bell Atlantic Mobile), does business in Massachusetts under the name "Verizon Wireless." It is incorporated in Bermuda. See *Bell Atl. Mobile of Mass. Corp.* v. *Commissioner of Revenue*, 451 Mass. 280, 281 (2008) (*Bell Atl. Mobile I*).

[4] General Laws c. 59, § 5, Sixteenth (1) (d), the corporate utility exemption, grants an exemption from property tax to certain personal property of "a foreign corporation subject to taxation under [§ 52A] . . . of . . . [c. 63]." Eligible corporations are exempt from property tax on all personal property except "poles, underground conduits, wires and pipes, and machinery used in manufacture." *Id.* General Laws c. 63, § 52A, contains a definition of "[u]tility corporation" that includes "a telephone and telegraph company subject to [G. L. c. 166]."

[5] The commissioner's reasons for determining that the corporate utility exemption was not available to Bell Atlantic Mobile in FY 2004 and FY 2008 are not relevant to this appeal.

exemption; comparatively, in the years the corporate utility exemption was applied, the commissioner's valuation was under $30,000.[6]

Of relevance to this case is the fact that for FY 2003 and FY 2004, the board of assessors of Newton (Newton assessors) filed appeals with the board under § 39 (§ 39 appeals), and for FY 2005 through FY 2008, the assessors of various cities and towns, including Newton, Boston, Springfield, and Cambridge, filed additional § 39 appeals, challenging the commissioner's valuations. Some or all of these appeals argued that Bell Atlantic Mobile was not a "telephone company" for purposes of § 39, and therefore not entitled to central valuation of its personal property by the commissioner; some or all argued in addition that the company was not entitled to the corporate utility exemption, and therefore its machinery (see note 8, *infra*) constituted taxable property.[7] For FY 2004 and FY 2008, Bell Atlantic Mobile filed its own appeals — under both § 39 and G. L. c. 59, § 65 (§ 65); see note 2, *supra* — from the taxes assessed by the 220 cities and towns where its property was located. These appeals claimed that the taxpayer's property had been overvalued by the local assessors, and sought as relief the abatement of the property taxes it had paid.

The board dealt first with the various FY 2004 appeals. As we described in *Bell Atl. Mobile I*, 451 Mass. at 281-283, the board consolidated the Newton assessors' § 39 appeal with Bell Atlantic Mobile's §§ 39 and 65 appeals but then bifurcated the

---

[6]Bell Atlantic Mobile's personal property located in the cities of Boston, Cambridge, and Springfield was similarly valued at dramatically different amounts depending on whether the commissioner allowed the corporate utility exemption. In Boston, Bell Atlantic Mobile's property was valued at $93,125,600 and $110,603,500 in FY 2004 and FY 2008, respectively, as compared to $274,900, $284,800, and $349,500 for FY 2005 through 2007; in Cambridge, the taxpayer's property was valued at $30,300 in FY 2007, as compared to $6,024,400 in FY 2008; and in Springfield, its property was valued at $71,600 and $66,400 for FY 2006 and FY 2007, respectively, as compared to $6,355,700 in FY 2008.

[7]Regarding the assessors who are parties to this appeal, the claims of undervaluation and wrongful exemption were raised in FY 2003 by the Newton assessors; in FY 2004 by the Newton assessors; in FY 2005 by the Boston and Newton assessors; in FY 2006 by the Boston, Newton, and Springfield assessors; in FY 2007 by the Boston, Cambridge, Newton, and Springfield assessors; and in FY 2008 by the Boston, Newton, and Springfield assessors.

issues for trial. The board held hearings on the issue of Bell Atlantic Mobile's eligibility for (1) central valuation — in other words, whether Bell Atlantic Mobile was in fact a "telephone company" within the meaning of § 39 — and (2) the corporate utility exemption[8]; it deferred all questions of the correct value of the taxable property. On May 15, 2006, the board issued a decision in which it concluded that Bell Atlantic Mobile was not a telephone company and therefore not entitled to central valuation under § 39 (2006 decision). On that same date, the board issued a separate order with respect to Bell Atlantic Mobile's appeals under § 65; it ruled that the company was not entitled to the corporate utility exemption but stayed any further action in relation to the § 65 appeals pending appellate review of its 2006 decision under § 39. Bell Atlantic Mobile duly filed an appeal from the 2006 decision. After granting direct appellate review, we affirmed the board's determination. See *Bell Atl. Mobile I, supra* at 283.

Following the issuance of our decision in *Bell Atl. Mobile I*, the Newton assessors and the board of assessors of Boston (Boston assessors) filed motions to consolidate their § 39 appeals — appeals for FY 2003 through FY 2008 in the case of the Newton assessors, and for FY 2005 through FY 2008 in the case of the Boston assessors — with Bell Atlantic Mobile's § 65 appeals. At the hearing on the motions to consolidate, the board advised the parties that as a result of this court's decision in *Bell Atl. Mobile I*, the board intended to dismiss *all* the remaining § 39 appeals filed by the various boards of assessors and by Bell Atlantic Mobile for lack of jurisdiction. Thereafter, on June 19, 2008, the board sua sponte issued a decision ordering the dismissal of all § 39 appeals,[9] and at the request of the

---

[8]In FY 2004, the commissioner determined that Bell Atlantic Mobile was not entitled to the corporate utility exemption, and, as a result, the commissioner's FY 2004 certified valuations of the company's personal property included "machinery" (e.g., antennae, analog and digital computer components, amplifiers, switching equipment, generators, and power equipment) that, according to the board, comprised the "vast majority" of the company's personal property. Bell Atlantic Mobile responded by raising the issue of its eligibility for the corporate utility exemption in its FY 2004 appeals under both §§ 39 and 65.

[9]The dismissed appeals included approximately fifty § 39 appeals originally filed by various boards of assessors as well as all the § 39 appeals filed by Bell Atlantic Mobile.

commissioner and several boards of assessors, on December 3, 2008, the board issued its findings of fact and report. The board concluded that its 2006 decision and this court's decision in *Bell Atl. Mobile I, supra,* were "dispositive" as to the remaining § 39 appeals and, in the case of the Newton assessors, that principles of res judicata, collateral estoppel, and issue preclusion independently prevented them from relitigating the undervaluation claim because the Newton assessors had been a party to *Bell Atl. Mobile I.* The board further observed that the assessors had not pursued alternative avenues to challenge the commissioner's valuations of Bell Atlantic Mobile's property, such as a declaratory judgment action or an action in the nature of mandamus. The Newton assessors, the Boston assessors, and the boards of assessors of Cambridge and Springfield (collectively, assessors) filed appeals from the board's decision dismissing their § 39 appeals (2008 decision).[10] We granted the assessors' joint application for direct appellate review and now reverse the decision of the board.

2. *Discussion.* The question presented by this appeal is one of statutory construction. It concerns the scope of the board's authority under § 39 to decide appeals that were, at the time of filing, properly before the board pursuant to that statute. The board interpreted § 39 to mean that once the board determined Bell Atlantic Mobile was not a telephone company, the board was without jurisdiction to continue to entertain the pending appeals and therefore could not consider the challenges to the commissioner's valuation determinations.

The board is an agency charged with the administration of tax laws and has expertise in tax matters, and therefore we may give weight to the board's interpretation of a tax statute. *Bell Atl. Mobile I,* 451 Mass. at 283, quoting *Commissioner of Revenue* v. *McGraw-Hill, Inc.,* 383 Mass. 397, 401 (1981). See *Matter of the Valuation of MCI WorldCom Network Servs., Inc.,* 454 Mass. 635, 641 (2009). Ultimately, however, a question of statutory interpretation is a question of law for the court to resolve. See *AA Transp. Co.* v. *Commissioner of Revenue,* 454 Mass. 114,

---

[10]The boards of assessors of other cities and towns with § 39 appeals pending did not file appeals from the board's 2008 dismissal decision. Likewise, Bell Atlantic Mobile did not appeal from the board's dismissal of its § 39 appeals.

118-119 (2009); *Bell Atl. Mobile I, supra.* For the reasons that follow, we interpret § 39 in a manner that differs from the board.

We begin with the statutory language itself.[11] As previously summarized, the first paragraph of § 39 directs the commissioner annually to value all the § 39 property of a telephone or telegraph company and certify the valuation to the company as well as to every board of assessors of a municipality where any such property is located. The first paragraph further provides that the company, as well as each board of assessors, may appeal

[11]General Laws c. 59, § 39, provides in pertinent part:

"The valuation at which the machinery, poles, wires and underground conduits, wires and pipes of all telephone and telegraph companies shall be assessed by the assessors of the respective cities and towns where such property is subject to taxation shall be determined annually by the commissioner of revenue, subject to appeal to the appellate tax board, as hereinafter provided. On or before May fifteenth in each year, the commissioner of revenue shall determine and certify to the owner of such machinery, poles, wires and underground conduits, wires and pipes, and to the board of assessors of every city and town where such machinery, poles, wires and underground conduits, wires and pipes are subject to taxation, the valuation as of January first in such year of such machinery, poles, wires and underground conduits, wires and pipes in said city or town. Every owner and board of assessors to whom any such valuation shall have been so certified may, on or before the fifteenth day of June then next ensuing, appeal to the appellate tax board from such valuation. Every such appeal shall relate to the valuation of the machinery, poles, wires and underground conduits, wires and pipes of only one owner in one city or town, and shall name as appellees the commissioner of revenue and all persons, other than the appellant, to whom such valuation was required to be certified. In every such appeal, the appellant shall have the burden of proving that the value of the machinery, poles, wires and underground conduits, wires and pipes is substantially higher or substantially lower, as the case may be, than the valuation certified by the commissioner of revenue. . . .

"The board of assessors shall assess the machinery, poles, wires and underground conduits, wires and pipes of all telephone and telegraph companies as certified and at the value determined by the commissioner of revenue under this section; provided, however, that in the event of a final decision by the appellate tax board or of the supreme judicial court under the preceding paragraph establishing a different valuation, the assessors shall grant an abatement, or assess and commit to the collector with their warrant for collection an additional tax, as the case may be, to conform with the valuation so established by such final decision. . . ."

456 Mass. 728 (2010)                                    735

In the Matter of the Valuation of Bell Atlantic Mobile of Massachusetts Corporation, Ltd.

to the board from the valuation by June 15, and that "[e]very such appeal shall relate to the [commissioner's] valuation" for the particular company. The second paragraph of § 39 in turn requires every board of assessors to assess the company's property "as certified and at the value determined by the commissioner . . . under this section," subject to later adjustment — by tax abatement or additional tax collection — based on the final result of any appeal from the commissioner's central valuation that has been filed with the board pursuant to the first paragraph. See *Assessors of Springfield* v. *New England Tel. & Tel. Co.*, 330 Mass. at 201. The language of § 39 was designed to give power to the commissioner to conduct central valuations of certain types of property for the purpose of ensuring valuation "consistency and competence." *RCN-BecoCom, LLC* v. *Commissioner of Revenue*, 443 Mass. at 199. It is a remedial statute, "not enacted to exempt the companies' property from taxation." *Id.* at 201.

As a remedial measure, "the statute must be construed and applied expansively in order to achieve the Legislature's goals." *Id.* The board itself has previously adopted a broad interpretation of the scope of its jurisdiction under § 39. As it did in the present case, the board in RCN-BecoCom, LLC *vs.* Commissioner of Revenue, Docket Nos. F253495, F257397 (Aug. 19, 2003), aff'd, 443 Mass. 198 (2005), asserted jurisdiction under § 39 to decide whether the commissioner had correctly determined that a particular company was a "telephone" or "telegraph" company.[12] The board did so even though § 39 does not state or imply that the board make a threshold determination concerning the accuracy of the commissioner's classification decision, and despite the fact that an independent statutory provision, G. L. c. 58, § 2, provides the board with jurisdiction to hear appeals by "[a]ny person aggrieved by any classification made by the commissioner under any provision of [G. L. c. 59]." We

---

[12]The board stated: "There is nothing in [G. L. c. 58A, § 6,] which restricts the issues that the Board may consider in an appeal arising under § 39. Moreover, § 39 mandates the Commissioner to value certain property of 'all' telephone companies 'subject to appeal to the [board].' This provision does not contain any limitations on the type of issues arising from the Commissioner's administration of § 39 that may be appealed to the Board, nor does it contain a grant of jurisdiction concerning any issue to a court or tribunal other than the Board." RCN-BecoCom, LLC *vs.* Commissioner of Revenue, Docket Nos. F253495, F257397 (Aug. 19, 2003), aff'd, 443 Mass. 198, 201 (2005).

agree that the board may choose to review a classification decision as part of its consideration of a § 39 appeal. However, if the board chooses to do so and determines, contrary to the commissioner, that a particular company is not a telephone company, such a determination leaves unaddressed the facts that (1) a central valuation of that company's "machinery, poles, wires and underground conduits, wires and pipes" (i.e., § 39 property) has been made and certified by the commissioner; and (2) the assessors are obligated to use the valuation as the basis of their tax assessments.

In determining the scope of the board's jurisdiction under § 39 to hear appeals, our goal is to carry out the intent of the Legislature. See, e.g., *Acting Supt. of Bournewood Hosp.* v. *Baker*, 431 Mass. 101, 104 (2000), quoting *Industrial Fin. Corp.* v. *State Tax Comm'n*, 367 Mass. 360, 364 (1975). To that end, we examine the whole statute, seeking an interpretation that is true to the legislative purpose and will make it an effective piece of legislation. See, e.g., *Harvard Crimson, Inc.* v. *President & Fellows of Harvard College*, 445 Mass. 745, 749 (2006); *Wolfe* v. *Gormally*, 440 Mass. 699, 704 (2004). See also *EMC Corp.* v. *Commissioner of Revenue*, 433 Mass. 568, 574 (2001), quoting *State Tax Comm'n* v. *La Touraine Coffee Co.*, 361 Mass. 773, 778 (1972) (statute "should be construed as 'a consistent and harmonious whole, capable of producing a rational result consonant with common sense and sound judgment' "). In considering that § 39 was enacted to establish and support the commissioner's authority to perform central valuations of telephone company property; the express language of the statute confers on those affected by the central valuation the right to appeal and seek review of it by the board; and the act of centrally valuing a company's § 39 property has direct and continuing consequences for both the company and the boards of assessors, we think the principles of statutory construction just cited point to an interpretation of § 39 that authorizes the board fully to consider and decide all pending appeals from the valuation.

Accordingly, we hold that where the commissioner classifies a company as a "telephone or telegraph company" and certifies a central valuation of the company's property under § 39, and timely appeals from that central valuation have been filed by the assessors, the company, or both, the board has jurisdiction

456 Mass. 728 (2010)　　　　　　　　　　737

In the Matter of the Valuation of Bell Atlantic Mobile of Massachusetts Corporation, Ltd.

to hear and decide all the issues raised in such appeals, even if it concludes that the company did not qualify as a telephone or telegraph company.[13] The board's contrary interpretation, supported by Bell Atlantic Mobile, ignores § 39's express provisions establishing the rights of the affected assessors and tax-paying company to appeal from the commissioner's central valuation. See *Assessors of Springfield* v. *New England Tel. & Tel. Co.*, 330 Mass. at 201 (requirement of central assessment under § 39 mandatory; otherwise, there would be "no point in granting to the assessors a right to appeal from the commissioner's valuation to the [board]"). The interpretation also may lead to a result that runs counter to the statute's underlying legislative intent, see *RCN-BecoCom, LLC* v. *Commissioner of Revenue*, 443 Mass. at 201, by effectively freeing from taxation any portion of a company's personal property that the commissioner has erroneously misclassified as exempt.[14]

---

[13]We reach this result as a matter of statutory construction. Other courts, in different contexts, have also recognized the need to consider jurisdictional questions with an eye toward achieving a practical and fair result. See, e.g., *Hansen* v. *Trustees of Hamilton Southeastern Sch. Corp.*, 551 F.3d 599, 607-609 (7th Cir. 2008), quoting *Chicago* v. *International College of Surgeons*, 522 U.S. 156, 173 (1997) (addressing whether Federal District Court should have declined to exercise supplemental or ancillary jurisdiction over State claims after it granted summary judgment to defendant on plaintiffs' Federal Title IX claim; holding that even if District Court could have relinquished State law claims, it did not abuse its discretion by retaining jurisdiction: District Court "should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity"). See also *RLTD Ry. Corp.* v. *Surface Transp. Bd.*, 166 F.3d 808, 814 (6th Cir. 1999) (stating that although surface transportation board [STB] loses jurisdiction when track is no longer part of interstate rail network and, therefore, STB may not issue trail condition, STB may exercise jurisdiction if it determines that "over-riding interests of interstate commerce require" it).

[14]This case illustrates the point. In FY 2003 and FY 2005 through FY 2007, the commissioner determined that Bell Atlantic Mobile was entitled to the corporate utility exemption, which meant that the company's "machinery" was exempt from local property tax. As previously discussed, however, in 2006 the board itself concluded that Bell Atlantic Mobile was not entitled to the corporate utility exemption. Nevertheless, under the board's interpretation of § 39, the board no longer has jurisdiction to entertain the claims by the assessors, made in their previously filed § 39 appeals, that all the personal property covered by the corporate utility exemption was subject to tax at the local level for the fiscal years in question. This result would create an unintended tax exemption for Bell Atlantic Mobile that is contrary to the purpose of § 39. *RCN-BecoCom, LLC* v. *Commissioner of Revenue*, 443 Mass. at 201.

The interpretation of § 39 that we adopt here is not precluded by our decision in *Bell Atl. Mobile I*. The board interpreted our decision in that case as agreeing with its view that once it decided Bell Atlantic Mobile was not a telephone company, that determination effectively required the board to dismiss all the pending § 39 appeals. However, the footnote in our opinion relied on by the board, see *Bell Atl. Mobile I*, 451 Mass. at 285 n.11, constituted a description of actions taken by the board, not a ruling on their merits. The only issue before us in *Bell Atl. Mobile I* was the correctness of the board's determination that Bell Atlantic Mobile was not a telephone company for purposes of § 39. The question whether the board retained jurisdiction to decide the valuation issues raised in the assessors' (and the taxpayer's) § 39 appeals once the board made this determination was not raised, and we did not decide it.[15]

Further, our resolution of the question now before us does not confer unlimited rights of appeal. Appeals to the board remain subject to the board's rules of practice and procedure, codified at 831 Code Mass. Regs. §§ 1.00 (2007). "A claim of appeal shall be filed with the clerk of the Board in accordance with the Massachusetts Rules of Appellate Procedure . . . ." 831 Code Mass. Regs. § 1.35 (2007). Rule 4 (a) of the Massachusetts Rules of Appellate Procedure, as amended, 430 Mass. 1603 (1999), provides that, in a civil case, the notice of appeal must be filed with the clerk "within thirty days of the date of the entry of the judgment appealed from."

---

[15]For this reason, our decision in *Bell Atl. Mobile I* cannot be considered a final judgment on the merits of the issue currently before us. Nor should the board's 2006 decision be so considered. In that decision, the board indicated that it did not address other issues raised in the § 39 appeals because § 39 did not apply, but nowhere did the board address the scope of its jurisdiction under § 39. Insofar as the board concluded, in its 2008 decision, based on the 2006 decision, that the doctrines of res judicata, issue preclusion, and collateral estoppel required dismissal of the Newton assessors' § 39 appeals for the fiscal years other than 2004, we disagree. For any of these doctrines to apply, a final judgment on the merits is necessary. See *Anusavice v. Board of Registration in Dentistry*, 451 Mass. 786, 798 n.16 (2008); *Kobrin v. Board of Registration in Med.*, 444 Mass. 837, 843 (2005); *Treglia v. MacDonald*, 430 Mass. 237, 240-241 (1999). We therefore reject Bell Atlantic Mobile's reliance on this alternative basis for the board's dismissal of the Newton assessors' § 39 appeals, as well as its attempt to extend the purported preclusion to the other assessors currently before this court.

In the present case, only the assessors of the cities of Newton, Boston, Springfield, and Cambridge filed claims of appeal from the board's sua sponte dismissal of their § 39 appeals. As these appeals were each filed within thirty days of December 3, 2008, the date the board issued its findings of fact and report, on remand, these assessors are entitled to have the board entertain their § 39 appeals that the board dismissed.[16] The approximately forty-six other boards of assessors whose § 39 appeals were also dismissed as of December 3, 2008, see note 10, *supra*, may not now file an appeal from the board's decision; the thirty-day filing deadline has long passed. See *Friedman* v. *Board of Registration in Med.*, 414 Mass. 663, 665 (1993), citing *Harper* v. *Division of Water Pollution Control*, 412 Mass. 464, 465 (1992).

Finally, Bell Atlantic Mobile argues that one-half of the assessors' § 39 appeals are moot because of agreements reached between the relevant assessors and Bell Atlantic Mobile as to

---

[16]The Newton assessors' December 30, 2008, notice of appeal includes the dismissal of its FY 2004 § 39 appeal as one of the matters being appealed. The board addressed the Newton assessors' § 39 appeal relating to FY 2004 in its 2006 decision, and entered judgment in Newton's favor. Bell Atlantic Mobile argues that the Newton assessors are not entitled to have their FY 2004 appeal revived for consideration by the board on remand from this case, because the Newton assessors did not file an appeal from the board's 2006 decision. The argument is not without merit, but in the unusual circumstances of this case, we conclude that it should be rejected. The board's 2006 decision appeared on its face to represent a favorable disposition for the Newton assessors; it was not until its 2008 decision that the board interpreted that favorable disposition in 2006 to have adverse consequences for Newton. For several reasons, including that judgment entered in the Newton assessors' favor on their § 39 appeal for FY 2004; that the Newton assessors could not have foreseen the jurisdictional implications that the board in 2008 determined were embedded in its 2006 decision within the thirty-day timeline for filing appeals; that after *Bell Atl. Mobile I* was decided, the Newton assessors did not abandon their FY 2004 § 39 appeal but rather sought to keep it alive by moving to consolidate it with Bell Atlantic Mobile's still-pending § 65 appeals; and that the Newton assessors' timely filings with regard to its other § 39 appeals indicate that Newton took all available actions to seek relief, we think the circumstances surrounding the Newton assessors' FY 2004 § 39 appeal are exceptional and operate to excuse their failure to file a timely appeal from the 2006 decision. See *Herrick* v. *Essex Regional Retirement Bd.*, 68 Mass. App. Ct. 187, 190 (2007) (failure to file appeal timely typically absolute bar to plaintiff's ability to obtain judicial review of final agency action, but rare exceptions exist). On remand, the board should consider Newton's § 39 petition for FY 2004 as if it had been timely appealed.

the value of Bell Atlantic Mobile's § 39 property for fiscal years 2006, 2007, and 2008. The question before us, however, concerns only the scope of the statutory grant of jurisdiction to the board under G. L. c. 59, § 39. Because we find the board has jurisdiction to hear the assessors' § 39 appeals, questions concerning mootness are best reserved for the board to resolve.

3. *Conclusion.* The decision of the Appellate Tax Board is reversed. The case is remanded to the board for consideration of the assessors' § 39 appeals on the merits and for any further proceedings consistent with this opinion.

*So ordered.*